MARY E. KLEINER, Respondent, Appellant, v. ALBERT KLEINER, Appellant, Respondent.— Judgment unanimously affirmed, with costs to respondent, appellant. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

JAMES McARDLE, Respondent, v. RUSSELL H. KRUPPENBACHER and STEPHANIE KRUPPENBACHER, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

JAMES McARDLE, JR., an Infant under the Age of Fourteen Years, by JAMES McARDLE, SR., His Guardian ad Litem, Respondent, v. RUSSELL H. KRUPPENBACHER and STEPHANIE KRUPPENBACHER, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

ALEXANDER MERDAN, Respondent, v. YELLOW TAXI CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

DOMINIC OLIVA, Respondent, v. FRANK SALVATI and RALPH SALVATI, Jointly and Severally and as Copartners Doing Business under the Firm Name of A. SALVATI'S SONS, Defendants. RALPH SALVATI, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

CHARLES H. PRAY, Respondent, v. TILYOU REALTY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

NELLIE R. PRAY, Respondent, v. TILYOU REALTY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER HERNANDEZ, Appellant.*— The disclosure that the " Peerless " car was a stolen automobile was made by defendant. It was a part of the bribe offered to the police officer. When one charged with crime offers a bribe to the arresting officer to permit him to escape or to cloak his guilty act with the guise of innocence, it is proper for a jury to consider such fact in passing upon the question of the guilt or innocence of the defendant. (*Commonwealth* v. *Wyoda*, 44 Penn. Super. Ct. 552, 559; 8 R. C. L. 193; Underhill Crim. Ev. § 121.) " That such efforts may have some tendency to prove a consciousness of guilt seems to be a fair deduction and, therefore, they were properly received in evidence." (*People* v. *Shilitano*, 218 N. Y. 161, 179.) We are of opinion that the evidence was competent, notwithstanding that, as an incident, it was established, in this case out of the defendant's own mouth, that the " Peerless ;" car was a stolen car, and that it was susceptible of the inference that defendant criminally possessed it with knowledge of its character. We have examined the other exceptions relied upon for a reversal; but as they do not justify a reversal in the face of the clearly established guilt of the defendant, the judgment of conviction of the County Court of Nassau county is unanimously affirmed, pursuant to section 542 of the Code of Criminal Procedure. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

* Affd., 252 N. Y. 550.