Fred J. Munder, J.
The defendant was convicted of speeding in violation of a Long Island State Park Commission ordinance and he appeals. Apart from any consideration of the merits of the case I conclude that the judgment of conviction must be reversed.
The conviction rests on a form of complaint upon which no defendant can get an impartial trial: At the bottom of the form and distinct from the body of the complaint itself appear these words: “Attitude of defendant — courteous, discourteous ” and the instructions “ Circle words needed ”.
It happens here that the word ‘ ‘ discourteous ’ ’ was stricken, indicating that in the opinion of the policeman the motorist was “ courteous ”. The policeman’s opinion on this point is of no consequence. What is important is that such information has but one purpose to serve and that is to improperly influence the court.
*853 This kind of information may be properly supplied to a judge after a defendant is convicted. It is then of value in aiding the judge to determine the extent of the punishment to be inflicted. Before conviction, however, it is highly prejudicial and, whether favorable or unfavorable to a defendant, militates against an impartial hearing or trial. If unfavorable it would virtually preclude a fair trial. In any case, a conviction resting on such a foundation should not be permitted to stand.
In these days of crowded traffic courts and mail-order justice (General Municipal Law, art. 14-B) defendants generally are loath to resist charges of traffic violations. This fact apparently inspired the Legislature to classify such violations as traffic infractions rather than as crimes. But such prosecutions are penal in nature and though inferior in grade require the same full observance of all the constitutional rights of a defendant that must be accorded in the prosecution of major crimes.
It has been consistently held that no practice may be permitted which destroys the fundamentals of a fair trial. A verdict found on strong and convincing proof of guilt will be set aside if this right is not respected. (People v. Mleczko, 298 N. Y. 153; People v. Savvides, 1 N Y 2d 554; People v. Hetenyi, 304 N. Y. 80, 88.) In People v. Lovello (1 N Y 2d 436) the unsworn statements of a prosecutor were condemned. The unsworn statements of a complainant are entitled to no better fate.
Without considering the merits I decide as a matter of law alone that this complaint violates the inflexible rule of fundamental fairness and it must be dismissed.
Judgment of conviction reversed and information dismissed and fine remitted.