Frederick W. Loomis, J.
The defendant appeals from a judgment of conviction in a court of Special Sessions of the Town of Worcester, Lionel J. Kemp, Esq., Justice of the Peace, wherein he was convicted of a violation of section 56 of the Vehicle and Traffic Law. The defendant was convicted after a trial and was sentenced to pay a fine of $50 or 50 days in the Otsego County jail until such time as the fine was paid.
Of the several questions raised by the defendant on this appeal, it appears that two of them, particularly, warrant.the attention of the court.
Although speeding is not designated as a felony or misdemeanor, nevertheless it is an “ offense ” which can subject the wrongdoer to serious penalties by way of fine, imprisonment and revocation of a driving license. These are all most important to the accused. For this reason the Court of Appeals has held that the criminal law rules of presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt should apply in such cases. (See People v. Hildebrandt, 308 N. Y. 397.)
It appears to this court that the usual safeguards and protections afforded to those accused of crime should, therefore, be extended to those accused of such an “ offense ” as is here under consideration, particularly in view of the serious consequences which can fesult from a conviction thereof.
One of the questions raised by the defendant on this appeal is that the assistant district attorney failed to make an opening statement at the beginning of the trial before the Justice of the Peace. The return of the Justice of the Peace fails to .indicate that the assistant district attorney made any opening statement as required by section 388 of the Code of Criminal Procedure. Such opening statement is mandatory and the courts of this State have long held that it may not be waived or dispensed with by consent. (People v. McLaughlin, 291 N. Y. 480; People v. Levine, 297 N. Y. 144; People v. Romano, 279 N. Y. 392.) The purpose for requiring the prosecution to make an opening *851 statement seems to me to be largely to apprise the defendant of the nature of the charge and the proof which the People expect to submit, so that the defendant may have every opportunity to meet such proof. If we are to afford a defendant charged with an “ offense ” the usual safeguards and protections afforded to those accused of crime, it would seem that the same reasoning would require that the People make an opening statement at the beginning of the trial of such an offense as is here under consideration, and failure to do so is erroneous.
The other question raised on appeal which the court feels merits consideration alleges that the information filed with the Justice is erroneous in that it specifically alleges that the charge under consideration is the accused’s second offense within a period of 18 months. The information sets forth a violation of section 56 of the Vehicle and Traffic Law and further states ‘ ‘ this being the accused second offense within a period of 18 months.” In criminal prosecutions it has long-been held that reference to any previous conviction was improper with certain well defined exceptions, none of which exist in the instant case. (People v. Molineux, 168 N. Y. 264; People v. Moshowits, 38 N. Y. S. 2d 189.)
The charge of speeding is set forth in section 56 of the Vehicle and Traffic Law and the punishment therefor is set forth in section 70 of the Vehicle and Traffic Law. The fact that a defendant has been convicted of the same offense within a period of 18 months does not increase the gravity of the crime by designation and is no element of the commission of crime. It is simply a measure of the punishment to be imposed. In this respect it differs from those cases where a second offense increases the gravity or nature of the crime, such as driving while intoxicated. Since the prior conviction -within 18 months is not an element of the crime, it is not properly a part of the charge laid before the Justice. In this case there was an actual trial before the Justice of the Peace and he, thereupon, became the trier of the facts, as well as the law. It may well be that knowledge of a prior conviction of speeding could have influenced his determination of the defendant’s guilt of the charge then on trial. The Court of Appeals has stated as follows : 111 The natural and inevitable tendency of the tribunal — whether judge or jury — is to give excessive weight ’ ” to a record of crime thus exhibited. (People v. Zachowitz, 254 N. Y. 192,198.)
It is worthy of note that it has recently been held that the indication of the defendant’s attitude when arrested, at the *852 bottom of a speeding complaint, is improper and might tend to improperly influence the court and prevent a fair, impartial trial. (See People v. Man, 5 Misc 2d 852.)
The specific question before the court has been ruled upon by Judge Barnes of the Chenango County Court in People v. Reed (185 Misc. 908) and People v. Swartout (153 N. Y. S. 2d 928).
The judgment of conviction should be reversed, the information dismissed and the fine remitted.
Submit order.