Donald C. Sanford, J.
This appeal is from a judgment of conviction in a Court of Special Sessions of the Town of Waddington, New York. After several adjournments, a trial was had before Justice of the Peace Albert Wright of said town on the 8th day of October, 1956; the defendant was found guilty of violation of subdivision 10 of section 14 of the Vehicle and Traffic Law for operating a motor vehicle on the River Road in the town of Waddington on August 27, 1956 with an alleged weight in excess of the total weight allowed under that section. Defendant was fined the sum of $250 as a second offender and said fine was paid.
The questions to be decided in this appeal are as follows, to wit:
First: Was the evidence presented by the People sufficient to prove the defendant’s guilt beyond a reasonable doubt?
Second: If guilty, was the fine imposed excessive?
In deciding the second question first, this court holds that the fine imposed on this defendant was not excessive, unreasonable or unconstitutional.
In deciding the first question the testimony of New York State troopers Fleming, Buell and Kaminski and the testimony of Mr. Vernon F. Garrett, an inspector of weights and measures in the Department of Agriculture and Markets of the State of New York, the only evidence presented was carefully considered.
The problem presented is the validity of a conviction where there is either failure or insufficiency of legal proof of the accuracy of the scales employed herein.
The testimony shows that there was a lapse of about three months since the “ Load-O-Meters ” had been officially tested; further proof of the accuracy of the scales was attempted to be established by presenting in' evidence certificates of the State Department of Agriculture and Markets stating that the scales were approved. This certificate should not have been admitted in evidence. It is further shown that the severe, rough usage of the scales could have affected their accuracy; the uneven roadbed could also have affected their accuracy; the question of whether the clutch and brakes were released could have affected *363 the scales’ accuracy; the variations testified to could affect the scales to the point where there would be no overloading. There can be no conviction where there has been a failure to establish the accuracy of the “ Load-0 Meters ” to the degree required by law to establish guilt in a criminal proceeding. There is clearly a failure of proof beyond a reasonable doubt herein. Therefore, it is ordered that the judgment of conviction herein be and hereby is reversed and the fine ordered be remitted.