Frank J. Kronenberg, J.
Defendant was convicted September 9, 1957, by Casey Zygmont, Justice of the Peace of the Town of Niagara, of violating subdivision 8 of section 14 of the Vehicle and Traffic Law by operating a truck with an overload of 7,300 pounds on the rear axle. Trial was by the court without a jury. The defendant rested without producing any evidence, and the evidence is silent as to whether he was or was not the owner of the truck.
Defendant has appealed to this court and one of the grounds of his appeal is that there was no opening statement made on behalf of the prosecution.
Section 388 of the Code of Criminal Procedure requires that, after a jury is impaneled and sworn, the prosecution open the case. The purpose of the opening statement is believed to be to give the jury a preview of the issues to further their understanding. In this case trial was by the Justice of the Peace without a jury, and so the requirement of section 388 of an opening statement to the jury had no application. Doubtless, the Justice could in his discretion have required an opening statement, but he did not do so, nor did defendant request it.
Defendant contends that there was no evidence that the truck was operated on a highway. However, it appears at page ti of the testimony that the weighing took place ‘ ‘ at Military Road,” which the court judicially knows is a highway. It is a fair reading of this statement to take it as meaning that the vehicle was being operated on Militai'y Road.
*1029 Defendant comments that section 14 of the Vehicle and Traffic Law, if read as making the offense malum prohibitum, casts a great burden on the driver. If so, that matter is one for legislative consideration. The wording of the section is clear — “No person shall operate” etc. It has been held constitutional (People v. Rodenbach, 307 N. Y. 614) and this court cannot see clear its way to approve the construction referred to by way of obiter in People v. Cubiotti (4 Misc 2d 44).
The scales used were tested in June, 1957, two months before defendant was arrested. While it has been held (People v. Haselton, 10 Misc 2d 361) that three months is too long an interval, the evidence here does not justify a holding that two months is excessive.
The conviction is affirmed.