Clarence E. Conley, J.
The appellate court is bound by the return of the Magistrate (Code Crim. Pro., § 763). The return of the Magistrate setting forth what took place in his court, including a transcript of the testimony and an affidavit made by Joseph F. Barbano, attorney for the appellants, alleging that errors were committed in the City Court trial, were filed in the office of the Clerk of the County of Madison. The appeal was argued before this court and briefs were submitted by the appellants and the respondent.
The record shows that appellants were charged with a violation of section 722 of the Penal Law in relation to disorderly conduct in that, among other things, on November 13, 1957, in company with others, they extinguished the lights on certain flares placed on Main Street in the city of Oneida to guard barricades where road repairs had been made, and left said flares out. The testimony shows that the offense was committed between the hours of eight and nine o’clock that night.
The appellants’ affidavit of errors alleges, among other things, that the Acting City Judge did not have jurisdiction and was without power to act, as the duly elected City Judge was not disabled to act or exercise the powers of his office. The return and evidence discloses that no such question was raised at any time during the proceedings and, therefore, it is not reviewable.
The appellants claim that the court erred in denying their motion for dismissal upon the ground that all of the testimony tending to prove disorderly conduct, if any, was given by accomplices without any corroboration, as required by section 399 of the Code of Criminal Procedure. It is doubtful if section 399 applies to the commission of an offense inasmuch as crimes only are mentioned in that section. However, it appears from the record that there was sufficient evidence to corroborate the testimony of accomplices.
The appellants claim that, pursuant to section 388 of the Code of Criminal Procedure, the failure of the city attorney to make an opening statement was a reversible error. Section 388 of the code reads as follows: ‘ ‘ The jury having been impaneled and sworn, the trial must proceed in the following order: 1. The district attorney, or other counsel for the people, must open the case ”.
*849 Obviously this section applies only to jury trials and an opening statement is not required in the trial of offenses which are not triable by jury.
The sixth point in appellants’ affidavit alleges that the trial court lost jurisdiction when it reserved decision after hearing all the testimony and subsequent judgment of conviction was void. ‘ ‘ When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of a fine or imprisonment, or both, as the case may require. Upon such plea or conviction, the court may adjourn for sentence to a day certain, for purposes of investigation.” (Code Crim. Pro., § 717.)
The appellants were not convicted until the 29th day of November, 1957, at which time the trial court adjourned to the 30th day of November, 1957, for sentencing, and on that day the appellants were sentenced. This court finds no error on this point.
The appellants also allege that the sentence of six months was punitive, unreasonable, excessive and was not warranted by the conviction of an offense. It is the opinion of this court that the sentences imposed were excessive for first offenders. The courts of this State rarely exact the maximum penalty for first offenders, believing that it does more harm than good, particularly in cases of youths under 18 years of age. However, these young men were old enough and intelligent enough to understand the nature and seriousness of their acts and to realize that they were creating a public hazard.
The conviction of both of the defendants-appellants is affirmed upon the law and upon the facts, and in the furtherance of justice, the sentence of the City Court of the City of Oneida is modified as follows: said defendants-appellants, Thomas Barbano and Kenneth Barbano, shall serve 60 days in the Madison County jail and shall be given credit for time already served.
Submit order.