Edward M. O’Gormaw, J.
The defendant, after a trial without a jury, was convicted of speeding in the City of Middletown.
The defendant urges as a first ground of error that there was no opening statement made on behalf of the People. He cites the case of People v. Sperbeck (5 Misc 2d 849). It is our view that there is no statutory requirement for an opening statement in cases tried before the court alone. (See People v. Duskin, 11 Misc 2d 945 [1958].)
The defendant further claims that the reception in evidence of an alleged bribe offer was error. Such testimony was not necessarily inadmissible as one of the factors which the court *402 might consider. (See People v. Hernandez, 227 App. Div. 603, affd. 252 N. Y. 550.)
As a third error, the defendant assigns the recalling of the complaining witness after the close of the People’s case, for the purpose of giving certain additional testimony. This was a matter of resting within the discretion of the Trial Judge, and does not require the reversal of the conviction.
The remaining assignments of error deal with the sufficiency of the proof of the defendant’s speed and of the accuracy of the speed timing device. According to the transcript, the only testimony with respect to the defendant’s speed was as follows:
‘ ‘ Mr. Charles came down the road and he was speeding and we checked him and then we stopped him and told him he was speeding and then I gave him a ticket.
“ Q. How fast was he going? A. He was going forty miles an hour.”
Upon the defendant’s moving to dismiss, the court recalled the police officer and questioned him as follows:
“ Q. Mr. Yanik, where did you get the 40 mile an hour speed from? A. From the speed timer.”
The defense rested without putting in any evidence, and moved for a dismissal of the complaint. The motion was denied and the defendant was convicted and fined.
There is no proof in the record of the qualifications of the police officer to operate the speed timing equipment, no proof with respect to the accuracy of the speed timing equipment or of any tests which were made to determine its accuracy immediately prior to the time of its use, or of the manner in which the speed timing equipment had been set up, or the spacing of the hoses which activate the machinery, or of anything else in respect thereto, except the following:
“ Q. Will you tell us what you did with the speed timer? A. Yes. We set up the speed timer. We put the two tubes across the center of the road, then we took down the box and hooked it up and Durkin ran it through a few times and I made sure that it was working properly.
“ Q. At the time that you checked Mr. Charles, how many times had the instrument been used? A. You mean how long a period of time?
“ Q. Yes. A. For approximately one hour and twenty minutes.
“ Q. Just where was it set up and how and what lane of traffic were you checking? A. We were checking the cars proceeding south on Dolson Ave. The first cable was set up near *403 Al’s Tire Service and the second cable was near Gilman’s Dry-Cleaning establishment.”
In the court’s opinion, this testimony falls far short of the necessary proof to establish the speed of the defendant. While People v. Duskin (supra) indicates that testimony as to the general scientific principles underlying the operation of the equipment may no longer be necessary, it is still necessary to prove that any particular instrument was in proper operating . order, had been properly tested, and was being properly operated at the time of the alleged violation. The failure of the People to establish these points in the instant case requires that the information be dismissed.
In addition to the foregoing assignments of error, the defendant argues that his fundamental rights were violated in that the evidence on behalf of the People was introduced by the Trial Judge.
. There was present during the trial neither a representative of the District Attorney’s office nor other public official to prosecute the People’s case, nor did the complaining officer conduct the prosecution. The People’s case was presented in the form of interrogation by the Judge and answers by the complaining witness, and, upon motion at the close addressed to certain defects in the proof, the case was reopened and further questions were put to complete the People’s case.
Normally, the duty of representing the People falls upon the District Attorney and his assistants. However, in the leading case on this question dealing with courts of Special Sessions (People v. Wyner, 207 Misc. 673 [1955]), it has been established that the District Attorney is not required to be present to prosecute all minor cases, and the opinion of Judge Faetelli indicates several other officers who may also present cases on behalf of the People.
The question here presented is: may the prosecution proceed in the absence of any officer other than the Judge to conduct it? In our opinion, such a prosecution, despite the good intentions of the Trial Judge in presenting the evidence, necessarily involves a substantial denial of the defendant’s right to a trial which was completely impartial in form as well as in substance.
In this court’s opinion, the defendant is entitled to have his case heard by a Judge free of the burden of presenting the evidence on behalf of the People.
In the light of the foregoing-, the conviction herein is reversed and the information dismissed.
Submit order.