Archibald C. Wemple, J.
The conviction herein must be reversed on two basic grounds. They are prejudice to the rights of the defendant in the statements contained in the information and the statement of the Assistant District Attorney in his opening and secondly in failure of proof.
The reference in the information to the vehicle operated by Gerald Jerome Williams leaving the highway was unnecessary and prejudicial. By its inclusion there- was a justifiable inference that the defendant was being charged with operating his vehicle in such a manner as to force Williams off the highway. Then the Assistant District Attorney in his opening said the defendant was operating his car in such a manner that it did endanger others “ and the automobile operated by Gerald Williams was caused to leave the highway, a distance of over-200 feet and that such accident resulted in the death of this other lad, Williams.” Taken together — the information and the opening statement could only serve to make an impression upon the *465 jury of prejudice against this defendant. In spite of the unfortunate accident in which Williams met his death, the main inquiry should be concentrated upon the manner of operation by this defendant of his car. This defendant is entitled to a fair trial — free of irrelevant, extraneous or prejudicial matter — which could or did influence the jury in its evaluation of the charge.
This court cites and records with approval the decision of Judge Feed Mundee of Suffolk County in People v. Man (5 Misc 2d 852, 853) where in reversing a conviction for speeding the court said: “It has been consistently held that no practice may be permitted which destroys the fundamentals of a fair trial. A verdict found on strong and convincing proof of guilt will be set aside if this right is not respected. (People v. Mleczko, 298 N. Y. 153; People v. Savvides, 1 N Y 2d 554; People v. Hentenyi, 304 N. Y. 80, 88.) In People v. Lovello (1 N Y 2d 436) the unsworn statements of a prosecutor were condemned. The unsworn statements of a complainant are entitled to no better fate.”
In reviewing the testimony, this court also finds that there was a failure of proof and consequently there was a reasonable doubt as to the guilt of this defendant. The testimony of the witnesses as to the speed of the defendant’s car was varied and inconclusive. The testimony as to whether the defendant crossed over a solid white line was likewise vague. Certainly the proof as to this point was available to the prosecution. There was no testimony that there ever was contact between the cars. To support a charge of reckless driving there must be informative evidence to show the manner in which the defendant ‘ ‘ unreasonably interfered with the free and proper use or endangered users of the public highway.” The testimony here shows that the Williams’ car weaved or criss-crossed the road in front of the defendant and that the defendant followed and finally passed the Williams’ car, after which the fatal crash occurred.
Other errors of law occurred upon the trial but they will not be passed upon herein. Suffice it to say that this appellate court has reviewed the facts as well as the law and found sufficient error in the information and opening statement of the Assistant District Attorney to justify reversal of the conviction herein.
Conviction reversed, fine remitted, probation revoked.
Submit order accordingly.