Frank J. Kronenberg, J.
Defendant was convicted January 21, 1959 of speeding in violation of a city ordinance. His trial was in Niagara Falls City Court before Judge Thomas B. Lee, without a jury.
The defendant admitted orally and in a written statement that he had been driving 40 miles per hour in a 30-mile zone. At the trial he repudiated these statements, but the Trial Judge was not bound to credit the repudiation. There was also testimony, which the trier of the facts was free to accept, that the automobile skidded over 100 feet before coming to a stop. The evidence was conflicting, but this court cannot say the trial court erred in giving credence to the evidence of the People.
The factual situation in the instant case differs considerably from that in the case of People v. Sweeney, cited by defendant, which was reported in the Buffalo Evening News on November 14, 1958. There the defendant’s admission as to speeding was disregarded by the court because all, including the investigating officer, agreed that defendant was too upset to be able to make an accurate estimate of his speed. Furthermore, his skid marks were only 38 feet in length and, as noted above, in the instant ease, there was testimony that defendant’s skid marks were over 100 feet long.
Defendant contends that there were numerous errors of law.
As to the sufficiency of the information, it was based on written admissions by the defendant and such admissions furnished good grounds for the information and belief of the complainant police officer.
The evidence does not show compliance with the requirements of the Vehicle and Traffic Law as to posting speed limit signs. However, defendant did not raise this question at the trial and therefore he may not raise it now.
Defendant complains that the information charging speeding contained a notation to the effect that a fatality was involved. This notation was highly improper (People v. Man, 5 Misc 2d 852) but the court feels that it was not prejudicial in this instance because the testimony at the trial revealed the death of the pedestrian who was struck by defendant’s automobile.
*631 Defendant’s contention that section 388 of the Code of Criminal Procedure required an opening statement on behalf of the People is overruled. (People v. Macomb, 9 Misc 2d 1027; People v. Duskin, 11 Misc 2d 945.)
Defendant complains that the prosecution was conducted by the presiding Judge and the transcript of the testimony indicates that substantially all the People’s case was presented by the court. The complainant police officer was present but took little part in the trial.
It is appropriate to quote from People v. Charles (15 Misc 2d 401, 403), wherein the court said: “ The question here presented is: may the prosecution proceed in the absence of any officer other than the Judge to conduct it? In our opinion, such a prosecution, despite the good intentions of the Trial Judge in presenting the evidence, necessarily involves a substantial denial of the defendant’s right to a trial which was completely impartial in form as well as in substance.
“ In this court’s opinion, the defendant is entitled to have his case heard by a Judge free of the burden of presenting the evidence on behalf of the People.”
This court feels that the Charles case correctly states the law and a reversal of the conviction is necessary in this case.
Judgment of conviction reversed on the law, fine remitted, and a new trial ordered in the City Court.