Joseph W. Esworthy, J.
Defendant was tried before this court without a jury on April 15, 1961 for the violation of subdivision 1 of section 1180 of the Vehicle and Traffic Law of the State of New York. The information alleges that on March 14, 1961 the defendant, while operating a 1960 Oldsmobile upon the Vestal Parkway, did ‘ ‘ operate said vehicle at a speed greater than was reasonably prudent, in excess of 30 miles per hour, specifically 40 miles per hour, under the conditions, existing which was wet and slippery pavement resulting in his being unable to stop his vehicle without skidding and colliding with another vehicle stopping in line of traffic for red traffic signal at Vestal Parkway in South Washington Street.”
At the close of the defendant’s case, defendant’s counsel moved for dismissal of the information upon the grounds the People had failed in their proof in that the information was sworn to on direct knowledge and was not upon information and belief. In particular, defendant’s counsel objected to that part of the information which read “ specifically 40 miles per hour.” Decision on this motion was reserved and consequently on the whole case.
We will dispose of the motion first as defendant’s objection is novel and the reverse of the usual objection.
We note the same information often serves as the basis for the issuance of the warrant upon which the defendant is arrested and as the pleading on which the defendant is thereafter tried. Here the defendant was not arrested and instead was issued a uniform traffic ticket. The trial court acquired jurisdiction of the person of the defendant by his appearance in response to said invitation, voluntarily, without a warrant of arrest. Thus, the information served only the function of a pleading. (People v. Belcher, 302 N. Y. 529.)
Nevertheless, the information although used solely as a pleading should be based on competent legal evidence. (People v. James, 4 N Y 2d 482.)
*852 ■ Here the facts stated by the officer in the information were founded in part upon Ms personal observation for- indeed he witnessed the entire accident and thus was competent to testify as a witness upon the trial. As to the inclusion of the words “ specifically 40 miles per hour ” the court considers them surplusage for an information charging a traffic infraction need not be as precise as one charging a misdemeanor. (People v. Skolnick, 200 Misc. 389.)
The defendant’s motion is denied for the information is sufficient in and of itself to establish prima facie the essential elements of the violation charged against defendant.
The proof on behalf of the People consisted of the testimony of Officer Johnson. People’s Exhibit 1 was received in evidence without objection and this exhibit clearly shows, as the officer testified, that he was in a position and did observe the defendant’s car from the time it proceeded under the Pennsylvania Avenue overpass until after the accident. The officer testified that the accident happened at approximately 6:58 p.m., and that the weather conditions were such that it was cold and cloudy ; the streets were wet — for it had rained, and that there was a residue of salt from the last application on the roadway which left the same (when wet) slippery. Further the officer testified that from where defendant was first observed coming under the overpass to the Washington Street intersection was approximately 400 feet in distance and that the point of impact was some 220 feet from the underpass; that the defendant started to skid approximately 20 feet from the vehicle he collided with — which was in a line of traffic waiting for a red light signal at the intersection to change; that as the defendant’s vehicle went into a skid it tipped on its side and skidded into the other vehicle involved and after impact was turned some 90° from normal traffic direction. Further, the officer stated that traffic conditions were medium, and that he asked defendant how fast he was going — not once but twice, and that he replied 40 miles per hour. The officer further testified that this was in a 30-mile speed limit zone and that it was his opinion based upon his experience (in checking against calibrated speedometers) that he could estimate speed within plus or minus four miles per hour and that the defendant’s speed as he came out of the underpass was approximately 50 miles per hour and at the point of collision 40 miles per hour. He further indicated this expert opinion under the conditions and with regard to the actual and potential hazards at the time he first observed defendant —his speed should have been 30 miles per hour and at the time of impact defendant should be nearly stopped.
*853 The expertise of the officer in judging speed or his qualifications or experience as an officer to judge speed wore not in question.
The defendant’s proof consisted in testimony by the defendant himself who stated he was proceeding to Binghamton from Vestal following a Sheriff’s vehicle with a speedometer mounted on its roof, which Sheriff’s vehicle turned off at the Pennsylvania Avenue interchange. He stated that at the Pennsylvania Avenue underpass, his speed was 20 to 30 miles per hour and that he was going 40 miles per hour prior to this time in a 50-mile speed zone which signs he observed. That he did not go 40 miles per hour anywhere within the city, although he did not know exactly rvhere the city line is located with regard to the reduced 30 miles per hour speed zone. Thus the defendant’s admission at the scene as to his speed being 40 miles per hour was repudiated by the defendant on the trial and this seems to be the sole basis of the defense.
Cross-examination of the officer by defendant’s counsel elicited the fact that the officer did not know by direct knowledge; that is, he did not follow or have a clock on the defendant, but that the officer’s information which stated specifically 40 miles per hour was based upon the defendant’s admission to the officer at the scene and the officer’s expert opinion based upon his unobstructed, complete observation of the defendant and the accident.
Let us now apply these facts to the specific violation in question. It will be noted from a reading of subdivision 1 of section 1180 of the Vehicle and Traffic Law that three elements are necessary in the proof of the People’s case to sustain a conviction. These are (1) at a speed greater than is reasonable and prudent, (2) under the conditions existing, and (3) with regard to actual and potential hazards then existing. Thus, the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant and the accused person has no burden to sustain.
Unlike speeding violations in which the most essential clement of proof is that of speed, this violation contains three essential elements as previously stated. All three must be proved or the defendant is entitled to an acquittal. When speeding is the sole essential issue, it seems that the question is an open one in this State whether expert opinion in and of itself is enough for a conviction. (See People v. Marsellus, 2 N Y 2d 653.) However, in People v. Heyser (2 N Y 2d 390) expert opinion coupled with a check as against an untested speedometer was held sufficient for a conviction. Still mere opinion as to the speed of the defendant’s vehicle without being based upon any proven qualification *854 as an expert is insufficient for a conviction and such opinion should be disregarded. (See People v. Matthews, 4 Misc 2d 278; People v. Greenhouse, 4 Misc 2d 692.)
We see, therefore, that the courts have continually reduced the requirements of proof and/or evidence in connection with speeding cases wherein there is but one essential element of proof.
Under the present case, speed is only one of the essential elements of proof on behalf of the People. On the record presently before us, considering particularly that the officer had adequate opportunity for observation and a long, qualified and tested experience, he estimated that the defendant was proceeding 20 miles per hour over the speed limit when he first came in to view at the Pennsylvania Avenue underpass. Then while continually observing defendant for another 200 feet, he saw defendant start to skid for approximately 20 feet to the point of impact with the stopped vehicle at which point the officer estimated the speed of defendant’s vehicle to be 40 miles per hour. The People’s evidence is sufficient on this element of proof in the violation — that is speed greater than is reasonable and prudent.
We are not unmindful that the defendant repudiated his admission of speed at the scene on the trial. However, this matter is for the court whether to credit the repudiation or reject it. We choose to reject the repudiation for it will be noted that the admission was not made once but twice by the defendant, and in view of the element of proof being speed greater than is reasonable and prudent — rather than a set rate of speed, we choose to credit the testimony of the officer. (People v. Hicken 19 Misc 2d 629.)
The proof by the People with regard to the other two elements in the violation as stated hereinbefore was not in anywise controverted by the defendant and/or by cross-examination of the officer. The facts clearly indicate that under the conditions and with the potential hazards then existing, the defendant’s vehicle should just about have been stopped at the point of impact.
The former uncertainty in the law 'which led to this former section (Vehicle and Traffic Law, former § 56, subd. 1) being-declared unconstitutional in People v. Firth (3 N Y 2d 472), has been crystallized, for subdivision 1 of section 1180 is sufficiently definite, clear, and positive to give unequivocal meaning to citizens of the rule to be obeyed. If we are in error on the law, then we are not unmindful that reasonable doubt on the law should be resolved in the People’s favor. (People v. Kassover, 24 Misc 2d 1080; People v. Reed, 276 N. Y. 5.)
Under the proof in the case at bar, we believe that the requirements in the statute are satisfied and that the defendant oper *855 ated Ms motor vehicle at a speed greater than is reasonable and prudent under the conditions. Accordingly we find the' defendant guilty of the violation charged and the ease is adjourned to May 12, 1961 for sentencing.