THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD A. LOBEVERO, Appellant.

County Court, Broome County, August 16, 1962.

*Remo A. Allio* for appellant. *Stephen Smyk, District Attorney* (*Herbert A. Kline* of counsel), for respondent.

LOUIS M. GREENBLOTT, J. The defendant-appellant has appealed from a judgment of conviction rendered in the Police Court of the Village of Johnson City, New York [FREDERICK P. CONTE, J.] on March 8, 1962, convicting the defendant of violation of subdivision 1 of section 402 of the Vehicle and Traffic Law of the State of New York, as a result of which he was fined the sum of $5.

The appeal raises several contentions. The first is that the People's opening statement was insufficient as a matter of law. I have reviewed the cases in the State of New York and have come to the conclusion that an opening is not required in nonjury criminal trials. (*People* v. *Bevilacqua,* 12 Misc 2d 558; *People* v. *Barbano,* 10 Misc 2d 847; *People* v. *Macomb,* 9 Misc 2d 1027.)

Appellant further contends that error was committed by the trial court by permitting the arresting officer to testify that he examined a file in Johnson City Police Headquarters which showed the ownership of registration plates covering cars in the county. He testified further that these records showed that the vehicle in question was registered to the defendant. He testified under questioning by the court that he had personal knowledge of the list. In the opinion of this court this testimony was admissible under the exception to the hearsay rule, which permits records kept in the regular course of business to be introduced into evidence. At the trial, the defendant admitted that he was one of the registered owners of the automobile and introduced in evidence his certificate of registration to the license

plates in question. Even assuming that the records were improperly admitted into evidence, such error was not prejudicial under section 542 of the Code of Criminal Procedure.

The appellant further contends that the People failed to prove that the defendant had parked the vehicle on a public street and left it there with only one plate on the rear. The facts as brought out by the complaining witness showed that he found the car, which was registered in the name of the defendant, parked on Willow Street, in the Village of Johnson City, New York, displaying only one plate on the rear. He contends that there was no evidence that the defendant parked the motor vehicle in question. The trial court stated that his finding of guilt was based upon the presumption that the registered owner of the automobile had parked the automobile in violation of the statute. This presumption is amply supported by the case law. In *People* v. *Rubin* (284 N. Y. 392) the Court of Appeals affirmed a conviction of a defendant in violation of a New York State parking ordinance. Even though there was no direct proof of parking the vehicle by the defendant the court held that ownership of the vehicle made out a prima facie case that the owner had parked the vehicle in violation of the law. I hold this to be a parking case and one that does not come under the exception as laid down by the Court of Appeals in *People* v. *Hildebrandt* (308 N. Y. 397).

As pointed out by the Court of Appeals, the presumption is a necessary one in cases involving parking violations of any type. Police are never in a position to know who actually parked the vehicle where it is found in violation. To deny them the right to charge the registered owner with the violation would seriously impede law enforcement involving parking type violations. I agree with the court in the *Rubin* case (*supra*) which stated at page 397: "If he was not in control he could easily have produced a witness or witnesses to show it. * * * We find it competent under the circumstances to conclude from the proof that the owner of the car controlled the car and personally violated the regulation."

Likewise in the case at bar, the appellant testified that he knew the name of the person who had driven the automobile but failed to state the name of that person or to bring it to the attention of the authorities, as was done in *People* v. *Avis Rent-A-Car Division* (24 Misc 2d 1056).

Finally, appellant contends that there was no testimony in the record to the effect that during the year 1961 the State of New York required license plates on both the front and rear of vehicles. The information states that the defendant failed to

display two license plates, one on the front and one on the rear of his parked vehicle. On pages 3 and 4 of the trial transcript the arresting officer clearly established that the front license plate was missing from the vehicle at the time he issued the ticket.

The burden is upon the defendant to show that any exceptions to a statute were in existence and it is not necessary for the People to plead or prove the same. (*People* v. *Rockwell,* 123 N. Y. S. 2d 201.)

Finally the defendant contends that the findings of the trial court were contrary to the weight of the evidence. I find ample evidence in the record to justify the decision of the court. The judgment of conviction should be affirmed.