John H. Galloway, Jr., J.
Defendant appeals from a judgment of conviction for operating a motor vehicle while her license was suspended or revoked, in violation of section 511 of the Vehicle and Traffic Law, rendered on December 5, 1961, by the Court of Special Sessions, Village of Tuckahoe, Paganelli, J. P., sitting without a jury. Defendant was sentenced to pay a fine of $25.
Of 10 assignments of error originally advanced for reversal, defendant urges the following: 1. The defendant having been arrested, the failure to take her before a Magistrate without unnecessary delay pursuant to section 165 of the Code of Criminal Procedure, was an invasion of her rights, and the proceedings that followed were a nullity; 2. The information was defective because not sworn to before a Magistrate as required under section 145 of the Code of 'Criminal Procedure, the procedure under section 208 of the Vehicle and Traffic Law being illegal in this instance since defendant had first been arrested; '3. The information was also defective since the informant’s stated source of information and ground of belief were solely defendant’s statement that her license had been revoked and had not been reinstated, which was hearsay and was also in the nature of an oral confession which by law must be corroborated and was not; 4. The failure of the Village Attorney to make an opening statement as required by section 388 of the Code of Criminal Procedure, was a fatal defect in the proceedings; and 5. The People’s sole proof that the crime charged was committed was defendant’s confession above stated, which, in the absence of additional proof that the crime charged was committed, was insufficient to warrant her conviction ('Code Grim. Pro., § 395).
In our opinion, none of the assignments requires reversal of the conviction:
1. Section 164 of the Code of Criminal Procedure requires, generally, that a person arrested without a warrant for a misdemeanor “ must be taken immediately before an available magistrate of a town in the county in which the offense charged is alleged to have been committed.” But it further provides that “ This provision shall not apply, however, if a defendant is requested to appear before a magistrate by reason of the issu *430 anee to him of a traffic ticket unless the person so notified demands an immediate appearance before a magistrate.”
Reasonably interpreted and applied, the quoted statutory provision is clearly intended to be applicable to the precise situation here presented, and authorizes the procedures employed by the arresting officer in detaining the defendant for the time required to issue her a uniform traffic summons at police headquarters pursuant to sections 207 and 208 of the Vehicle and Traffic Law.
The requirement under section 165 of the Code of Criminal Procedure, that a defendant must in all cases be taken before a Magistrate without unnecessary delay, as contended by defendant, is limited to cases of arrest under a warrant of arrest. This appears from its context, associated as it is with related sections under chapter II of title III of part IV of the Criminal Code on the subject of warrants of arrest (§§ 148-166).
Here the arrest was without a warrant for a misdemeanor allegedly committed in the presence of the arresting officer. Defendant could have, but did not demand an immediate appearance before a Magistrate (Code Grim. Pro., § 164). iShe waived that right by accepting the section 207 traffic summons (Vehicle and Traffic Law, § 207) and posting bail, which, under subdivision 4 of section 554 of the Code of Criminal Procedure, the Police Lieutenant at police headquarters was authorized to take. It follows that the proceedings here challenged were valid and in accordance with law and did not violate or invade defendant’s substantial rights.
2. The information was validly sworn to before the Police Lieutenant. Having determined that the arresting officer validly issued the defendant a summons after her arrest, pursuant to section 164 of the Criminal Code and section 207 of the Vehicle and Traffic Law, it follows that the Police Lieutenant was clearly authorized, under the express provisions of section 208 of the Vehicle and Traffic Law, to administer the oath to the complaining arresting officer who subscribed the information. There is no merit to defendant’s contention that the section 208 procedure is available only in cases of ££ offenses ” as distinguished from ££ crimes ”. The statute is obviously concerned with £ £ violations of any provision of this chapter ”, of which section 511, upon which the instant charge was laid, is one.
Moreover, while an information which serves only the function of a pleading is required to be verified (People v. Scott, 3 N Y 2d 148,152) we find no authority to sustain defendant’s contention that the verification must be made before a Magistrate, nor *431 is such a requirement implicit in the language of section 145 of the Code of Criminal Procedure. In our opinion section 208 of the Vehicle and Traffic Law is controlling, and since its requirements were here complied with, the information was not defective on this count.
3. We are unable to accept defendant’s contention that the information was defective since, being made on information and belief, the stated source of such information and the grounds of the complainant’s belief were insufficient to sustain the pleading because such source and grounds were solely the uncorroborated confession of the defendant that her operator’s license had been revoked and had not, on the day of her arrest, been reinstated, and because such statement was hearsay as to the complainant.
Indeed, the confession of a defendant is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed (Code Grim. Pro., § 395), but that rule is not applicable in the determination of the sufficiency of the information as a pleading.
Among the requirements of sections 275 and 284 of the Code of Criminal Procedure to render an indictment sufficient, are — that the act or omission charged as the crime, be plainly and concisely set forth, and that it be stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case. These are equally applicable to an information.
The information here charged defendant as follows: ‘ ‘ did commit the crime of operating, license suspended, in violation of the provisions of Vehicle and Traffic Law, Art. 20, Sec. 511 * * * in that she did wrongfully, unlawfully, knowingly, wilfully and with intent so to do, operate a motor vehicle on Columbus Avenue, a public highway in the Village of Tuckahoe, New York (on October 5, 1961) while her driver’s license was revoked”. The police officer complainant then continues: “ in the following manner: that the defendant was operating a motor vehicle south on Columbus Avenue, and when asked to exhibit her driver license, stated that her license was revoked and had not been reinstated.”
The information states sufficient facts to constitute the crime charged, and in our opinion also meets the other requirements of sufficiency above related. (People v. Pullman, 3 Misc 2d 188, 190-191 [Saratoga County Ct.].) We hold that the information is based upon legal evidence sufficient to point to the commission of a crime and defendant’s probable guilt. The *432 facts stated are based in part upon the arresting officer’s own observation that defendant was driving a motor vehicle and was without an operator’s license, and upon defendant’s admissions to him. To these facts the officer would be permitted to testify at the trial (as he did), since such evidence would be competent for him to give as a witness. (Cf. People v. Sorge, 3 Misc 2d 437, 439-440 [Rochester City Ct.].) Accordingly, the officer was not required to particularize the evidence upon which he relied or to indicate that one item consisted of an admission or confession of the defendant. (People v. Belcher, 302 N. Y. 529, 535.) But it should also be observed that as matter of proof, a confession is not rendered inadmissible or incompetent because there is not additional proof that the crime charged has been committed, though it is insufficient to warrant a conviction. Thus this is a matter of proof and not of pleading. We conclude that defendant’s challenge to the sufficiency of the information fails on this count.
4. The prosecuting attorney is not required to make an opening statement in a nonjury case. Subdivision 1 of section 388 of the 'Code of Criminal Procedure is applicable by its very terms only to trials before a jury. (Cf. People v. Duskin, 11 Misc 2d 945; People v. Macomb, 9 Misc 2d 1027; and People v. Migliaccio, N. Y. L. J., March 8, 1962, p. 17, col. 5 [Westchester County Ct.].) We respectfully disagree with the contrary holding in People v. Sperbeck (5 Misc 2d 849 [Otsego County Ct.]) relied upon by the defendant.
5. And finally, we hold, contrary to defendant’s contention, that defendant’s confession that her operator’s license had been revoked and had not been reinstated on the date of the alleged violation, was not without the additional proof required by section 395 of the Code of Criminal Procedure to warrant her conviction. The additional proof of revocation and nonreinstatement consisted of a certified copy of a notice or certificate of revocation issued by the Motor Vehicle Bureau, dated February 26, 1960, stating that as of January 6, 1960, defendant’s driver’s license had been revoked and that the license had been surrendered. This was offered and received in evidence. The certified copy was dated November 14, 1961, 40 days after the alleged violation and defendant’s arrest on October 5, 1961.
In our opinion the indorsement on the notice of revocation of a date subsequent to the date of the alleged violation furnished an adequate factual basis for a reasonable inference that defendant’s operator’s license remained revoked and unreinstated on October 5, 1961. It taxes credulity to otherwise conclude that defendant would have exposed herself to trial on the misde *433 meaner charged, had she been able to produce a reinstated license, which would have exonerated her.
The guilt of the defendant was proved beyond a reasonable doubt, and the judgment of conviction should be affirmed.
Judgment of conviction affirmed. Submit order on notice.