Lyman H. Smith, J.
Defendant-appellant was convicted of “ speeding ” on August 22, 1966, in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law, after a trial without jury before a Justice of the Peace of the Town of Benton, Yates County, sitting as a Court of Special Sessions.
The appellant in his affidavit of errors complains, inter alia, “ the Judge made a decision of the defendant’s guilt before defendant’s attorney was given an opportunity to make motions in respect to the People’s case, and before the Defendant was given an opportunity to present his case ”. The transcript of the proceedings in the lower court bears out appellant’s statement.
The lower court’s failure to afford defendant’s attorney an opportunity to make the usual motions at the close of the People’s case, or, for that matter, to present witnesses and evidence on behalf of the defendant, deprived defendant-appellant of a fair trial. A cursory reading of the transcript of the proceedings in Justice’s Court fails to reveal the People had “ rested ” when the Justice summarily found the defendant “guilty”. In his return to this court the Justice indicated defendant’s attorney was “ shaking his head ” in a way which the Justice interpreted to mean that the defendant had “no witnesses to offer * * * (and) had nothing further to present ”. It may well be the “ shaking ” of the attorney’s head was meant to convey the very message the Justice says he received, but without the written record we shall never know. Indeed, this incident serves to emphasize the importance and absolute necessity of keeping a clear record at every stage of the proceedings upon trial.
Section 388 of the Code of Criminal Procedure prescribes the order of proceedings where the trial is by jury, as follows:
*926 “ The jury having been impaneled and sworn, the trial must proceed in the following order:
“1. The district attorney, or other counsel for the people, must open the case;
“ 2. The defendant or his counsel may then open his defense ;
‘ ‘ 3. The district attorney, or other counsel for the people, shall then offer the evidence in support of the indictment;
“ 4. The defendant or his counsel may then offer the evidence in support of his defense;
“ 5. The parties may then, respectively, offer rebutting testimony, but the court, for good reason, in furtherance of justice, may permit them to offer evidence upon their original case;
“ 6. When the evidence is concluded, unless the case is submitted to the jury on either side, or on both sides, without argument, the defendant or his counsel must commence, and the counsel for the people conclude the argument to the jury;
‘ ‘ 7. The court must then charge the jury. ’ ’
The foregoing provisions apply in all criminal courts sitting with juries. It does not appear there has ever been a definitive determination of the applicability of the provisions of section 388 of the Code of Criminal Procedure to trials without juries. (Cf. People v. Wallens, 297 N. Y. 57.) At least, there is no specific statute so providing. However, section 62 of the Code of Criminal Procedure makes applicable “ as far as may be to proceedings in all courts of special sessions ” some 106 sections of the code, including section 388. This court deems these provisions equivalent to and an extension of the rules set forth in section 388 mandating observance of such requirements in Courts of Special Session, and this without distinction between jury and nonjury cases.* There is little doubt section 388 restates the rules of order of proof which have prevailed in our courts for many, many years. (Cf. People v. Koerner, 154 N. Y. 355.)
Section 388 of the Code of Criminal Procedure sets the procedural standards for all trials of criminal charges. While “ violations ” per se of the Vehicle and Traffic statutes are not criminal in effect, those charged with such violations are entitled to a trial of the issues in such an orderly fashion there will be no doubt that this is a court “ where the least can be heard ”. (Cf: People v. Fiore, 9 Misc 2d 468; People v. Sperbeck *, 5 Misc *927 2d 849; People v. Baker, 2 Misc 2d 600.) Indeed, unless the defendant be heard or, at least, have an opportunity to be heard, there has been no trial.
For the reasons above stated the judgment of conviction is set aside, the information dismissed, and the fine remitted.

 Some lower appellant courts have held the code requirement of “ opening to the jury” is not applicable to nonjury cases (see People v. Macomb, 9 Misc 2d 1027; People v. Barbano, 10 Misc 2d 847; People v. Buskin, 11 Misc 2d 945). Other lower appellant courts have held an “opening” mandatory under section 388 (People v. Sperbeck, 5 Misc 2d 849; People v. Robinson, 5 Misc 2d 176).