Stephen Smyk, J.
The defendant, Earl Evans, appeals the March 9,1974 judgment of the Town Court of Vestal, New York, convicting him of operation while license is suspended or revoked in violation of section 511 of the Vehicle and Traffic Law.
The defendant was arrested on January 24, 1974 and issued a uniform traffic ticket for the above-stated offense. A nonjury trial was held on April 9, 1974 and following his conviction the defendant was sentenced to 90 days in the Broome County jail. On appeal, the defendant contends (1) that it was both legally and factually impossible for him to have committed the crime charged; (2) that the People failed to establish a prima facie case; and (3) that the admission into evidence of the defendant’s abstract of operating record constituted reversible error.
*132 This is indeed a bizarre case. The defendant maintains, and the People concede, that he has never been licensed to drive a motor vehicle by the State of New York. He argues, therefore, that he could not properly be convicted of operation while license is revoked since he at no time possessed a valid driver’s license which could have been the subject of a prior revocation. He submits that while he perhaps could have been charged with a violation of subdivision 1 of section 509 of the Vehicle and Traffic Law (operation without a license), the section 511 charge, a misdemeanor, was wholly inappropriate under the circumstances. We believe the logic of the defendant’s argument to be inescapable and we have no alternative but to summarily reverse his conviction based upon that logic.
Furthermore, we do not agree with the Assistant District Attorney’s argument that “ license ” as used in section 511 is synonymous with “ operating privilege.” The Vehicle and Traffic Law is a statutory creature and in determining its language we must stay within its confines. While the term “ license ” is nowhere defined in the Vehicle and Traffic Law, our examination of article 19 of that law entitled “ Licensing of Drivers ” leads us to conclude that “ license ” cannot be read in its generic sense. Specifically, “ license ” means that card periodically issued or renewed by the Commissioner of Motor Vehicles for which application is made, an examination is given and a fee is paid. Our conclusion is bolstered in this regard since the Vehicle and Traffic Law contains at least two provisions wherein the term “ license ” is distinguished from that of “ operating privilege ” with the latter term being applied strictly to nonresidents (Vehicle and Traffic Law, § 1194, subds. 3, 4; § 510, subd. 2, par. fc]; subd. 3).
What all this means, of course, is that the defendant has found a convenient loophole in the Vehicle and Traffic Law. Moreover, under the present state of the law an individual who flagrantly violates the law by never applying for a license but driving nevertheless is in a better legal position than an individual whose driving record is blemished by a single offense and whose license was consequently revoked. The flagrant lawbreaker apparently can only be charged with a violation upon his arrest (§ 509, subd. 1) regardless of the number of convictions he has had for the same offense. However, the single offender subsequently arrested for operation while license is revoked is subject to prosecution for a misdemeanor. We urge thg Legislature to close the loophole and correct the obvious inequities in the law.
*133 In regard to the defendant’s second allegation of error, our review of the record reveals that the People failed to establish a prima facie case. The language of section 511 is clear and its title, ‘‘ operation while license is suspended or revoked, ’ ’ sets forth the basic elements of the People’s case. It must be shown (1) that the defendant had a license which was revoked or suspended and (2) that he operated a motor vehicle at a time when such license was so revoked or suspended and not reinstated (People v. Del Principe, 37 Misc 2d 428).
At trial, the arresting officer testified that he stopped the defendant on the morning of January 24, 1974 and that in. response to a request for a license the defendant stated that he had none. A duly certified abstract of the defendant’s operating record from the State of New York Department of Motor Vehicles was then admitted into evidence which purportedly shows that on May 11, 1973 some privilege possessed by the defendant was revoked. (For the purposes of this appeal we shall interpret the symbol “ REV ” contained in the abstract as meaning “revoked”.) The abstract, however, does not specifically set forth that the defendant’s driver’s license was revoked and no further proof in support of the charge was presented by the prosecution.
Defendant’s admission here, while inculpatory in nature, is also consonant with his defense of impossibility. He did not state that he had a license which was revoked and not reinstated as did the defendant in Del Principe. The present defendant admitted only that he did not have a license. Furthermore, we do not feel that the abstract of operating record in and of itself sufficiently establishes that the defendant had a license which was revoked and that such license had not been reinstated at the time of his arrest, nor do we believe that the abstract adequately corroborates the defendant’s admission to sustain his conviction for a section 511 violation. While the abstract allegedly shows that defendant’s license was revoked on May 11, 1973 for “ DRIVING WHILE USE DRUGS ”, a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, we- note that revocation in such a case is mandatory (Vehicle and Traffic Law, § 510, subd. 2, par. a, cl. [iii]). Hence, the abstract may set forth a correct legal sanction but one which is legally and factually inappropriate in this case.
Nevertheless, we take the position that for all practical purposes the offense of operating a motor vehicle without -a license in violation of subdivision 1 of section 509 of the Vehicle and Traffic Law, is a lesser included offense of the crime of operating *134 while one’s license is suspended or revoked in violation of section 511 of the Vehicle and Traffic Law and we hold that on the basis of the record before us that this defendant’s guilt of operating a motor vehicle without a license was proven beyond any reasonable doubt. To this extent we modify the conviction had in the court below and return this case to the Vestal Town Court for sentencing.