Frederick D. Dugan, J.
Respondent holds a conditional driver’s license issued by the Commissioner of Motor Vehicles Under the "Drinking Driver Program”. (Vehicle and Traffic Law, art 21, § 521, subd 1, pars [f], [g], eff June 24, 1975.)
On March 7, 1976 at 1:10 a.m:. on New York State Route 54A in the Town of Jerusalem, County of Yates, he was stopped by an officer who issued a simplified traffic informa *1060 tion charging him with violation of subdivision 3 of section 509 of the Vehicle and Traffic Law.
That section defines several violations and paragraph 3 provides that no person shall operate any motor vehicle in violation of any restriction contained on his license. It is a traffic infraction. (Vehicle and Traffic Law, § 1800.)
The Commissioner of Motor Vehicles in a memorandum to all law enforcement agencies on the "Drinking Driver Program”, dated September 19, 1975, directs that a motorist "found to be operating outside the conditions of his or her license * * * should be cited for driving while suspended or revoked”.
Operating a motor vehicle upon a public highway while the driver’s license is suspended or revoked is prohibited by section 511 of the Vehicle and Traffic Law. It is a misdemeanor.
Before the Town Court, Town of Jerusalem, respondent moved to dismiss this simplified traffic information on the ground that the facts alleged did not constitute the offense charged.
That court granted the motion, relying on the commissioner’s directive of September 19, 1975, a copy of which is attached to the Town Court’s return. The People appeal from the dismissal of the information, protesting that the officer’s charge of the violation is correct.
For the purpose of this appeal, submitted upon the notice of appeal, the Town Court’s return, the People’s affidavit of errors and the briefs of the parties, without argument, it is assumed that the conditional license limited respondent from driving at that hour of the morning.
This is not a case where the driver had never been issued a New York State driver’s license. (People v Evans, 79 Misc 2d 131.) Respondent conceded that a prior driver’s license held by him had been revoked. It is also true thát at the time he was apprehended, he was the holder of a driver’s license, although a conditional one.
Article 21 of the Vehicle and Traffic Law does contemplate the fact that participants in the "Drinking Driver Program” have had a prior driver’s license suspended or revoked. Upon completion of the program, a participant may apply to. the commissioner for termination of the suspension or revoqqtion *1061 order and return of his license. (Vehicle and Traffic Law, § 521, subd 1, par [d].)
During the program, the commissioner may issue the conditional driver’s license, valid for use only en route to or from work, school or the rehabilitation program, in necessary driving during employment hours and during a specified three-hour period on a non work day. (Vehicle and Traffic Law, § 521, subd 1, par [f].)
These conditions must be indicated on the conditional license. (Vehicle and Traffic Law, § 521, subd 1, par [g].) The license is to "remain in effect during the term of the suspension or revocation of the participant’s license unless earlier revoked by the commissioner.” (Vehicle and Traffic Law, § 521, subd 1, par [f].)
These statutory references to the suspended or revoked license may generate speculation as to the abiding existence of a primary, generic operating privilege evidenced by a life-time license which once issued, continues forever unless lost, time to time, to some limbo from which, after appropriate procedures, the exact same may again return to hand. This is idle epistemology.
A license is the card periodically issued or renewed by the Commissioner of Motor Vehicles for which application is made, an examination is given and a fee is paid. (People v Evans, 79 Misc 2d 131, 132.)
The Commissioner of Motor Vehicles is also authorized by statute to issue classified driver’s licenses, probationary licenses and learner’s permits. Licenses are classified for the operation of different vehicles; passenger vehicles, taxicabs, trucks of different weights, tractors, truck or tractor-trailer combinations, buses and motorcycles. All these licenses and permits are subject to restrictions on the time and place that vehicles may be operated. (Vehicle and Traffic Law, § 501.) The commissioner may also restrict the use of a license to require corrective lenses, hearing devices and, where a person has lost a limb, to require an automatic transmission on the vehicle, full hand controls or the use of a prosthetic device. (Vehicle and Traffic Law, § 501, subds 8, 9.)
All these restrictions as to the type of vehicle and special equipment are printed on the driver’s license. Operating a vehicle in violation of these restrictions is prohibited by subdivision 3 of section 509 of the Vehicle and Traffic Law, here considered.
*1062 Where a license has been suspended or revoked, the commissioner may issue a restricted use license incident to the holder’s employment, business, trade, occupation or profession. (Vehicle and Traffic Law, § 530.) It shall contain the terms and conditions under which it is issued and is valid.
Article 21 of the Vehicle and Traffic Law fails to specify if violation of a conditional license limitation is a traffic infraction or a misdemeanor. Nor does that article incorporate any other section or prohibition in the law by reference. In construing the statute neither the commissioner nor this court may expand on the intent of the Legislature.
Here it would violate a basic tenet of statutory construction to imply that breach of the conditional license limitation was intended to be a misdemeanor crime.
In examining article 21 (L 1975, ch 291, § 1) to determine the intention of the Legislature, it is noted that the same session some three weeks earlier (L 1975, ch 143, § 2) authorized restricted use driver’s licenses, an analogous situation, specifically providing that violation of the restriction of use for employment, business, trade or occupation is a traffic infraction. (Vehicle and Traffic Law, § 530, subd [7].)
Nor in these circumstances is there any real distinction between the condition or limitation authorized for a conditional license and the restrictions sanctioned under Vehicle and Traffic Law (§ 509, subd 3; § 530, subd [7]). All contemplate circumstances and times when a driver is prohibited from operating a motor vehicle.
Here respondent was not cited while driving with his license revoked or suspended. (People v Del Principe, 37 Misc 2d 428.) He had a current conditional license. He showed it to the officer at one o’clock in the morning. His license shows the times and circumstances when he can drive. The officer cited him for violating a restriction on that license. It is held that the charge under subdivision 3 of section 509 of the Vehicle and Traffic Law was the proper offense.
This will not work to the detriment of the "Drinking Driver Program”. The commissioner is expressly authorized to revoke the conditional license for cause, including this traffic infraction. If it had been intended that these specially considered drivers should be guilty of a misdemeanor for driving other than to and from work, school or class, at work or during the specific three hours on the weekend, or if it were intended *1063 that they should be entitled to trial by jury, then the Legislature should have said so.
The matter is remitted to the Town Court, Town of Jerusalem, for further proceedings upon the simplified traffic information before that court.