Per Curiam.

The defendant appeals from a judgment of the City Magistrate’s Court, convicting him of speeding (New York City Traffic Regulations, § 60), after trial. The defendant was fined $50 and his driver’s license was revoked, pursuant to paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law.
The defendant was charged with speeding on the Triborough Bridge on the morning of August 11,1953. The trial took place on March 16, 1956. The People’s case was predicated upon the testimony of patrolman Grace. He testified that he had no recollection of any of the events concerning the alleged traffic infraction. He was unable to identify the defendant as the person upon whom the summons was served. In short, the officer was unable on the witness stand to give any testimony tending in any way to establish the defendant’s guilt of the offense charged.
In this state of the record the prosecution was compelled to rely on the patrolman’s memorandum book, his summons stub and the complaint which he had signed shortly after the alleged traffic violation. He testified that not even these writings served to refresh his recollection concerning the alleged offense, but that he believed that the writings set forth the truth.
These writings, if fully credited, tend to establish that on the morning of August 11, 1953 patrolman Grace served a summons for speeding on a driver who presented an operator’s license and possibly a motor vehicle registration in the defendant’s name.
The defendant took the stand as witness in his own behalf and unequivocally denied his guilt of the charge. He testified that *602 at the time in issue he was engaged in a primary campaign and that his car was available to any of his workers who needed it for the purposes of the campaign. He further testified that the operator’s and registration licenses were in the glove compartment of his ear. He denied that he was guilty of the traffic charge in question or that he had even received the summons. He testified that he made diligent inquiry, but was unable to ascertain upon whom, if anyone, the alleged summons had been served.
Speeding in an automobile is a personal and individual wrongdoing which is subject to serious penalties and the criminal law rules of presumption of innocence and of proof of guilt beyond a reasonable doubt must be applied. (People v. Strong, 294 N. Y. 930.)
There is no legal presumption of identity under the circumstances set forth herein and in People v. Hildebrandt (308 N. Y. 397) the Court of Appeals decided that such proof does not even support an inference that the defendant himself and not his car broke the law.
In any event whether we use the label ‘‘ presumption ’’ or ‘‘ inference ’’, these exhibits do not set forth the facts of speeding, to wit: pursuit and observation, as distinguished from the mere conclusion of speeding, (See People v. Gage, 133 N, Y. S. 2d, 346; People v. Rice, 206 Misc. 999:)
We have considered the question regarding the jurisdiction of the various city departments raised by defendant and find it to be without merit.
We are mindful also of the splendid efforts made by the trial court in promoting respect for law enforcement in traffic violations.
The failure to produce sufficient competent testimony together with the defendant’s assertions of denial and innocence necessitates a finding that the prosecution failed to prove the guilt of the defendant beyond a reasonable doubt,
In view of the foregoing determination we find it unnecessary to pass upon the numerous other points raised by the defendant,
The judgment should be reversed, the complaint dismissed and the fine remitted.
Silver, J. P., Ringel and Trot, JJ., concur.
Judgment reversed, etc.