William E. Ringel, J.
The fact that a driver of a vehicle received a summons personally and appeared in court to answer the summons, plus the fact that that person was the owner of the registered vehicle involved, creates an irresistible inference that such person drove the vehicle at the time in question. (People v. Rubin, 284 N. Y. 392, 396, 397.)
The case at bar is readily distinguishable from both the cases cited by the defendant. (People v. Hildebrandt, 308 N. Y. 397; People v. Baker, 2 Misc 2d 600.)
In the former case, automatic photographs of defendant’s vehicle were taken on the road by special camera known as “ phototraffic camera ” and the defendant was not served with the speeding summons until two weeks later and said service was made by mail.
In the latter case, the police officer stated he could not identify the defendant as the driver of the alleged speeding vehicle, even by looking at his records and notes in the case, and thus could not refresh his recollection as to the facts in that case. *176 In addition thereto, the defendant testified and denied he drove the vehicle, and further stated that he left his operator’s license in the glove compartment of the car and that other persons drove his car with his permission during this period of time.
The judgment below must therefore be affirmed.