STATE OF CONNECTICUT *v.* PHYLLIS SCHONROG

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 7-8639

Argued April 8—decided July 12, 1963

*Israel Hillman,* of New Haven, for the appellant (defendant).

*Edward E. Fitzgerald,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J.  The defendant was tried to the court and convicted of evading responsibility in violation of § 14-224 of the General Statutes.  In her appeal she has assigned error in the court's refusal to correct the finding by striking certain facts claimed to have been found without evidence and in the court's failure to add other facts.  She also raises a question concerning the constitutionality of § 14-107 and further assigns error in the court's conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt.

The corrections sought in the finding relate to statements of subordinate facts based on conflicting

testimony and to the credibility of evidence which the court, in the exercise of its judgment and discretion, could accept or reject. The defendant also claims that certain uncontradicted testimony should be added to the finding. A fact not contradicted does not necessarily become an undisputed fact which is required to be added to the finding. Practice Book, 1951, § 397. The defendant also seeks to add other facts to the finding which would not directly affect the ultimate facts upon which the judgment depends, and no useful purpose would be served by making them. *Sentivany* v. *Sentivany*, 145 Conn. 380, 381. We have, however, in two instances made corrections which the defendant has shown herself entitled to but which do not affect the ultimate conclusions.

The facts may be summarized as follows: On October 25, 1962, Angelo DiLeone resided at 92 Dix Street in Hamden, in a house on the corner of Dix Street and Whiting Street. His brother-in-law, while in England, had left DiLeone in charge of his vehicle. On October 24, 1962, DiLeone had been operating the car and around 8 p.m. had parked it on Whiting Street. There was no damage to the car at this time. The following morning at 8 a.m. DiLeone looked out of the window of his home and observed something back of the car. At 4:30 p.m. on the same day he examined the car and discovered that the rear fender and taillight were smashed. DiLeone's wife had found the damage to the car at lunchtime, had observed a yellow object and broken glass, and had found a metal object, all near the car. As a result, DiLeone notified the police department and Sergeant Balzano came to the scene to investigate. Among the debris he found in the vicinity was a piece of metal, a headlight hood, a metal "t," and broken glass from a headlight. Later, the officer observed a 1956 Mercury at the Carriage Drive restaurant parking lot on Whitney Avenue.

This car was registered in the name of the defendant, who resided at 42 Whiting Street in Hamden. The officer examined this car and noted that the letter "t" was missing from its emblem "Medallist" and that the place on the car where the "t" would end the emblem "Medallist" was pushed out and cracked off. One of the headlights was broken. There were lines on the glass found in the area where the DiLeone car had been parked and the glass remaining in the headlight of the defendant's car which fitted together like a puzzle. As a result, the officer questioned the defendant; she denied any knowledge of the accident. She claimed that her car showed no damage at noon on October 25. She stated that she had gone to work at noon on that day and driven out Whiting Street. She denied any knowledge of driving, or that anyone else had driven her car, on October 24. She further claimed that someone had her car keys at one time or another and stated that Anthony Morgillo might have taken her car. The defendant was employed at the Carriage Drive restaurant and drove to and from her home to work. On October 24 she went to work at 10:45 a.m. and worked until 3:30 p.m., at which time she returned home. On the same day, she returned to work at 4:45 p.m. and returned to her home at 11:50 p.m. DiLeone went to the home of the defendant. While there he stated to her that she could have left a note in the car, and she said, "Yes, I know."

The court drew the following conclusions: The vehicle owned by the defendant was involved in an accident which had not been reported by the defendant. The damage resulting from the accident was substantial, and the force of impact was sufficient to inform the operator a collision had occurred. The broken parts found at the scene belonged to the defendant's car. The force of § 14-107 of the Gen-

eral Statutes in creating a prima facie presumption was not rebutted. That the defendant was the operator and was guilty of the crime charged had been proven beyond a reasonable doubt.

Because the defendant in brief and argument places great reliance on one of her assignments of error as it relates to the finding, we have given that assignment further consideration. She claims error in the refusal of the trial court to add certain facts concerning Anthony Morgillo, who did not appear as a witness. The defendant asserts that there was evidence from which the court could have found that Morgillo may have had duplicate keys to her car, and that because of her denial of operation at the time and place in question the court could have found, if the facts had been added, that Morgillo was the operator. Such evidence was adduced by the defendant in an attempt to weaken the application of § 14-107. The state relied substantially on the application of this statute to prove operation. Section 14-107 provides in part that whenever a violation of § 14-224, the statute on evading responsibility, occurs, "proof of the registration number of any motor vehicle therein concerned shall be prima facie evidence in any criminal action that the owner was the operator thereof." The short answer to the defendant's contention is that there was no evidence that Morgillo was the operator of the car. While it is true that the trier may draw reasonable and logical inferences from the facts proven, it is also true that the inferences should be drawn only from, and bear a logical relation to, other facts which have been proven. The inferences cannot legally rest on facts which are merely surmised. *State* v. *Foord,* 142 Conn. 285, 294. The court was not in error in not adding such facts. They could in no way weaken the operation of the presumption, for at best they only suggested

a mere hypothesis, and such a hypothesis of innocence, even if it existed, rested solely in the reasonable judgment of the trier and could not be made the subject of a claim of error. *State* v. *Munroe,* 22 Conn. Sup. 321, 331.

The defendant raises the question of the constitutionality of § 14-107. This question was not raised in the trial court. See Practice Book, 1951, § 409. Ordinarily, the question of the constitutionality of a statute will not be considered by this court if it was not raised in the court below and assigned in the reasons of appeal. *Griswold* v. *Guilford,* 75 Conn. 192, 193. Because, however this question raises a fundamental issue which may come before this court in the future, we are constrained in this instance to consider it. The defendant contends that § 14-107 operates to shift the burden of proof from the state to the defendant and therefore constitutes a denial of due process of law and is unconstitutional. She argues that *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, supports her contention. The *Frassinelli* case gives no support to that contention. In that case, the court held that the prima facie evidence provision of the statute there concerned constituted a denial of due process of law because the provision created a presumption of guilt and thus removed the presumption of innocence, thereby relieving the state of the burden of proof and fastening it on the alleged violator. The court further said (p. 489): "It is true that there are criminal statutes which make the proof of certain facts prima facie evidence of other facts essential to the crime. . . . However, the fact which is specified to be prima facie evidence of the fact to be inferred or presumed must be a fact which in common experience leads naturally and logically to the fact inferred or presumed. In the mind of the trier, the proof of one must produce the belief that

it is more probable than not that the other, the ultimate fact, is thereby established." The introduction of evidence sufficient to constitute prima facie evidence of operation under § 14-107 does not, of itself, constitute guilt of a violation of the statute under which the defendant was being prosecuted, as suggested by the defendant. Section 14-107 merely provides that if the registration number of the owner of the motor vehicle concerned is proved, the court shall have the right to presume the owner was the operator. There is such a strong rational connection between the registration number and the fact to be presumed that the former "leads naturally and logically" to the latter. "Such a presumption is not evidence and has no probative value, and it only operates to throw upon the party against whom it works the duty of going forward with evidence as to some element in the case." *State* v. *Gargano,* 99 Conn. 103, 110. It has been held that the state, in the exercise of its general power to prescribe rules of evidence, may provide that proof of a particular fact shall be prima facie evidence of another fact when there is some rational connection between the fact proved and the ultimate fact presumed; but the legislative presumption is invalid when it is merely arbitrary, or creates an invidious discrimination, or operates to deprive a party of a reasonable opportunity to present the pertinent facts in his defense. *Bandini Petroleum Co.* v. *Superior Court,* 284 U.S. 8, 19. The presumptive provision of § 14-107 is not obnoxious to any constitutional provision. See 1 Wharton, Criminal Evidence (12th Ed.) § 91.

In her last assignment of error, the defendant contends that the court erred in concluding that upon all the evidence she was guilty as charged beyond a reasonable doubt. She specifically claims under this assignment that there was no evidence from which the court could have found, as it did,

that she was "knowingly" involved in an accident. Such knowledge is an essential element of the crime charged. The court found that fairly substantial damage resulted from the impact; for example, the defendant's headlight was broken, the fender of the defendant's car was pushed out and cracked off, and the debris was found in the vicinity of the car struck. The court further found that the rear fender and taillight of the car which was struck were smashed. While it is true that such evidence was circumstantial, it does not follow that the court could not have placed the weight on it which it did. "The law recognizes no distinction between circumstantial evidence and direct evidence so far as probative force is concerned." *State* v. *Smith,* 138 Conn. 196, 200. The court was justified in finding that this element of the crime had been proven.

Upon all the evidence, in view of the presumption together with the inferences which the court was amply warranted in drawing, we cannot hold that the court erred in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.