Samuel M. Gold, J.
The police officer was unable to identify the defendant as the person who had driven the speeding car and received a summons from him. He issued a summons upon the basis of an operator’s license in defendant’s name presented to him by the driver of the car.
Defendant testified that he was the sales manager for the company owning the car; that he had not driven the car or been in it at the time of the alleged offense; that he had not received the summons from the officer or even seen him before the trial; that his custom was to leave his operator’s license with the owner’s registration card in a wallet in the glove compartment of the car, which was used by other employees as well as himself; and that the first knowledge he had that he was charged with having been speeding on July 7, 1960, was obtained from a notice sent him by the court in the middle of February, 1963.
This testimony was wholly uncontradicted either by the officer’s evidence or by any legitimate inferences therefrom. Since it is not improbable, surprising or suspicious, there was no reason for denying its conclusiveness (Hull v. Littauer, 162 *261 N. Y. 569, 572). It was not to be expected that the defendant could testify as to where he was at the time of the service of the summons in view of his testimony that he had no knowledge of the speeding charge until almost three years after the date of the offense. There was no basis here for a legal presumption that the defendant was driving the car at the time the summons was issued (People v. Hildebrandt, 308 N. Y. 397; People v. Baker, 2 Misc 2d 600).
The judgment should be reversed on the law and on the facts. Complaint dismissed and fine remitted.