STATE OF CONNECTICUT *v.* WILLIAM I. KNUDSEN, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-24103

Argued May 17—decided September 9, 1965

*Philip N. Costello, Jr.,* of New Haven, for the appellant (defendant).

*Eli L. Cramer,* prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted on a charge of reckless driving and has appealed. In his appeal, he has assigned error in the denial of his motion for dismissal at the conclusion of the state's case, claiming failure of the state to make out a prima facie case. He also assigns two errors in the court's charge to the jury. The defendant did not testify or offer any evidence in his own behalf but did stipulate that he owned a 1957 Dodge car bearing the registration number "Connecticut 884-186."

The assignment of error relating to the denial of the defendant's motion to dismiss on the ground that the state had failed to make out a prima facie case is not pursued in the brief nor seriously con-

tended in argument. That claim, however, is concerned basically with one of the defendant's remaining assignments of error, relating to the court's charge, which we hereinafter consider.

The factual situation, which is not in dispute and which is necessary for a better understanding of the issues, may be stated briefly as follows: On the night of October 22, 1964, two officers of the New London police department, while in a patrol car, observed a Dodge automobile bearing registration number Connecticut 884-186 operating in an unusual manner. They pursued the vehicle, which contained three young men, none of whom they could identify. During the chase, the pursued car on several occasions nearly collided with other vehicles and pedestrians and its movement at times was highly erratic. It went through a stop light, endangering other cars, and near a firehouse it swerved to the right, causing two men to jump out of its way. On the Boston Post Road, the police car reached speeds of 110 to 115 miles per hour but could not close the gap. Eventually the pursued car escaped. The registration number as registered in the motor vehicle department listed the defendant as the owner of the pursued car.

During the trial, the defendant challenged the legality of § 14-107 of the General Statutes[1] and moved for dismissal on the ground that the statute was unconstitutional and that without the application of it the state had failed to make out a prima facie case on the element of identity. The motion was denied, and the defendant took an exception. After the charge had been delivered, the defendant

[1] "Sec. 14-107. CRIMINAL LIABILITY OF OWNER. . . . Whenever there occurs a violation of section 14-219, 14-222 or 14-224 . . . proof of the registration number of any motor vehicle therein concerned shall be prima facie evidence in any criminal action that the owner was the operator thereof."

excepted to the part relating to the application of § 14-107. While it might have been better practice to have filed a written request to charge on this point, it was nevertheless brought to the court's attention during the trial. Practice Book § 248; Maltbie, Conn. App. Proc. §§ 106, 112. The court charged the jury, inter alia, that under the provisions of § 14-107 as it relates to § 14-222 (reckless driving) proof of the registration number of any motor vehicle shall be prima facie evidence that the owner was the operator thereof. The court then instructed the jury as to the meaning of prima facie evidence and its application and further stated that if the jury were satisfied beyond a reasonable doubt that the defendant was the registrant of the automobile bearing registration number 884-186 they could properly find that the defendant was the operator. It is obvious that the state relied on the operational effect of the statute to establish the identity of the operator. The defendant contends that § 14-107, as it relates to presumptive evidence, is unconstitutional because it violates due process of law as guaranteed by both the federal and the state constitutions in that it fails to meet the standard set forth in such cases as *Tot* v. *United States,* 319 U.S. 463; *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481; and *People* v. *Hildebrandt,* 308 N.Y. 397.

In *State* v. *Schonrog,* 2 Conn. Cir. Ct. 239, 244, we considered the precise question raised here, that is, the constitutionality of § 14-107 as it relates to prima facie evidence. We held that the statutory presumption did not transgress the limits of constitutional guarantees. The defendant now asks us to reconsider the conclusion reached in *Schonrog.* In holding as we did, we applied the test set forth in *Mott's Super Markets, Inc.,* supra, 490, where the court stated: "[T]he fact which is specified to be

prima facie evidence of the fact to be inferred or presumed must be a fact which in common experience leads naturally and logically to the fact inferred or presumed. In the mind of the trier, the proof of one must produce the belief that it is more probable than not that the other, the ultimate fact, is thereby established." See cases cited therein and *United States* v. *Gainey,* 380 U.S. 63. Under the *Mott* test, the inference or presumption must be deduced or proved from evidence that is, on the basis of experience, rationally connected with the fact to be presumed. Such evidence, however, need not rise to that degree of certainty which will exclude every other inference which might be drawn. It is enough if the evidence makes out circumstances which produce in the trier's mind "the belief that it is more probable than not that the other, the ultimate fact, is thereby established." Thus, the balance of probabilities resulting from the evidence must preponderate in favor of the fact to be presumed. The defendant contends that statistics, said to be derived from the motor vehicle department, indicate that the number of operator's licenses issued during the fiscal year 1964 exceeded the number of registrations issued for the same period. He reasons that such excess of licenses destroys the rationality of the presumption or so vitiates the rule as to make it ineffectual. The crucial question, however, is not the number of operators' licenses issued by the state but rather the number of cars on the highway operated by the owners.

In *State* v. *Foulke,* 22 Pa. D. & C. 135, a statutory presumption similar to that under consideration was held constitutional, the court stating (p. 138): "There is a rational and reasonable connection between the facts proved and the ultimate fact presumed. The prima facie inference raised would seem to be a natural one and based upon a common

experience that as a general rule the owner of a car drives his own vehicle." With this statement we are in accord. See *State* v. *Saurbaugh,* 194 Pa. Super. 346; note, 49 A.L.R.2d 456, 459 § 3; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 336. While it is true a contrary view was taken in *People* v. *Hildebrandt,* supra, it should be noted, as did the court, that its ruling was in part at least made in the absence of legislative action. In view of the foregoing considerations, we again conclude that the presumption created by § 14-107 is not in violation of any constitutional provision operating through the due process clause. Furthermore, "[i]t is incumbent upon any court, in the consideration of an attack upon the constitutionality of a legislative act, to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the act unless its invalidity is clear." *State* v. *Muolo,* 119 Conn. 323, 325; *State* v. *Heller,* 123 Conn. 492, 498.

The defendant further assigns error to the part of the charge wherein the court instructed the jury that the failure of the defendant to testify was a fact that they were entitled to consider. This portion of the charge was in accordance with our law relating to the failure of the defendant to testify. General Statutes § 54-84; *State* v. *Heno,* 119 Conn. 29, 34; *State* v. *Nelson,* 139 Conn. 124, 127. While no written request was made to charge on this subject, as is ordinarily required, an exception was taken by the defendant immediately after the charge was delivered, for reasons now considered. Practice Book § 248; Maltbie, Conn. App. Proc. § 306. In the trial court, the defendant claimed that this part of the charge was unconstitutional in the light of *Malloy* v. *Hogan,* 378 U.S. 1; see *Malloy* v. *Hogan,* 150 Conn. 220. In the meantime, however, and while

the instant appeal was pending, the Supreme Court of the United States announced its decision in *Griffin* v. *California,* 380 U.S. 609. The defendant now seeks to avail himself of the advantage claimed to be accorded to him by the *Griffin* case. The *Griffin* case holds (p. 615): "[T]he Fifth Amendment, in . . . its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Although the *Griffin* case was decided after the defendant's conviction, it applies to a pending appeal. *State* v. *Fahy,* 149 Conn. 577, 582; see *Linkletter* v. *Walker,* 381 U.S. 618. Specifically, the trial judge instructed the jury on this point, in part, as follows: "Until, therefore, you have reached the conclusion that the evidence produced here and offered by the State has given rise to such a strong probability of his guilt that a denial or explanation upon his part is reasonably called for, you are not to consider his failure to testify as any evidence of guilt. If, however, upon the evidence offered by the State there is such a probability, his failure to testify becomes a fact which you are entitled to consider." In the light of the *Griffin* case, we are constrained to hold that this element of the court's charge violated due process.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KINMONTH and LEVINE, Js., concurred.