STATE OF CONNECTICUT *v.* VINCENT J. TRANTOLO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-33080

Argued August 29—decided October 6, 1967

*Waldemar J. Lach,* of Hartford, for the appellant (defendant).

*Dennis F. Gaffney,* prosecuting attorney, for the appellee (state).

Jacobs, J.   The defendant appealed from a judgment of the Circuit Court convicting him of the crime of speeding, in violation of § 14-219 (a) (2) of the General Statutes, after a trial to the court. The penalty imposed was a fine of $100.

The defendant was charged with speeding on route I-91, in the town of Wallingford, at 1:45 p.m., on August 31, 1966. He was personally served with uniform traffic ticket No. 1-633-733 (Practice Book § 852) by a state trooper, Thomas Gugliotti, and was summoned to appear before the Circuit Court in the seventh circuit to be held at Meriden on September 19, 1966. Sometime prior to September 19, 1966, the defendant, through his counsel, filed a written general appearance under the provisions of § 54-2b, entitled "Pleading by mail in certain motor vehicle cases."[1] Part A of the written general appearance, entitled "Rights of Accused," was executed by Joseph J. Trantolo, parent, and by Vincent J. Trantolo.[2]   Part B of the document, entitled "Appearance, Plea and Election," was

[1] "Sec. 54-2b.  PLEADING BY MAIL IN CERTAIN MOTOR VEHICLE CASES. In any criminal action in the circuit court arising out of an alleged violation of the law relating to motor vehicles, appearances, pleas of not guilty and requests for trial by jury or court may be made by or on behalf of the defendant by mailing such pleas and requests by first-class mail, postage prepaid, to the clerk of the court for the circuit in which such case is to be tried, which pleas and requests shall be received by said clerk not later than the court day next preceding the day on which the defendant is to appear. Said pleas and claims shall be filed on forms approved by the judges of the circuit court."

[2] Under Part A, "Rights of Accused," a defendant who elects to plead by mail under § 54-2b is fully warned of his rights as required by § 54-1b.  Part A reads as follows:

"DO NOT SIGN THIS PART UNTIL YOU CAREFULLY READ AND UNDERSTAND IT.

1.  I am hereby advised and understand that:
    a. I have a right to retain counsel and will be allowed reasonable opportunity to consult counsel.
    b. I have a right to refuse to make any statement, and any

executed and signed by Attorney Lach and recites the following (the italicized words being those written in by Attorney Lach, and the others being printed): "1. Name of Defendant: *Vincent J. Trantolo* Town of Arrest: *Wallingford* 2. Uniform Traffic Ticket No.: *1-633-733* Court Appearance Date: *Sept. 19, 1966.* 3. I hereby enter my appearance (on behalf of the defendant) in the matter of the offense(s) charged in the Uniform Ticket listed above, and enter a plea of NOT GUILTY to such offense(s). 4. I elect a trial by . . . Jury of 12 . . . ."[3] After several continuances, the case came to trial on March 7, 1967. At the trial, the defendant waived his right to trial by jury and elected to be tried by the court. Counsel for the defendant represented to the court that the defendant was present in the courtroom. The defendant asked for and was granted permission by the court to sit in the rear of the courtroom together with three other young men during the proceedings.

The state's case was predicated upon the testimony of Gugliotti. He testified that on August 31, 1966, he clocked a vehicle on route I-91, in the town of Wallingford, for a distance of about one and one-

---

statement that I make may be introduced in Court against me.

c. I have a right to be admitted to bail.

2. I also understand that, if I have been previously convicted of a similar offense within the past five years, I may be presented as a second or subsequent offender. I hereby agree that I may be so presented, and I hereby expressly waive my right to any other notice prior to plea.

3. This is to certify that I have read this part and understand my rights as an accused.

4. This is also to certify that I am 21 years of age or over.

Personal signature of defendant required."

[3] Form CCT 102, entitled "Appearance, Plea, and Election For Trial (For Use in Motor Vehicle Offenses Only)," was approved by the judges of the Circuit Court at a meeting held on September 25, 1963.

tenth miles at speeds ranging from seventy-five to seventy-eight miles an hour. The posted limit on that highway is sixty miles an hour. The trooper pulled over the vehicle and issued a summons to the operator. The information appearing on the summons was obtained from the operator's license and certificate of registration. On cross-examination, the trooper was asked if he could identify the operator to whom he had given a summons on August 31, 1966. The officer testified that he believed he could do so; whereupon, the officer pointed to one of the three young men who were seated next to the defendant in the rear of the courtroom. The court asked this young man what his name was; he answered, Victor Abrunzo. The record discloses that Gugliotti had issued at least forty summonses since the issuance of the summons in the instant case.

The defendant's basic claim on this appeal is that the conviction cannot stand because the state failed sufficiently to establish the identity of the defendant as the operator of the vehicle upon whom the summons was served, that is to say, the trooper was unable on the witness stand to give testimony to establish the defendant's guilt of the offense charged.

In *People* v. *Keller,* 21 Misc. 2d 175 (N.Y.), the court held *(Gassman, P. J.,* dissenting) that "[t]he fact that a driver of a vehicle received a summons personally and appeared in court to answer the summons, plus the fact that that person was the owner of the registered vehicle involved, creates an irresistible inference that such person drove the vehicle at the time in question." It must be borne in mind that the alleged speeding violation occurred on August 31, 1966, and that the trial took place more than six months later, on March 7, 1967. Could

it possibly be expected that the state trooper, who testified that he had issued at least forty summonses to traffic violators since that day, August 31, 1966, would have an independent knowledge or recollection of the identity of the operator more than six months later? Certainly not. And while it is true that the vehicle in the case before us was registered in the name of one other than the defendant, nevertheless, we regard as crucial these facts bearing on the issue of identity: (1) The defendant filed with the court a written general appearance containing information corresponding exactly to that which appeared on the face of the summons; and (2) he personally appeared in court on the day of trial to answer the summons. To rule on these facts that the state failed adequately to establish the identity of the defendant "would be to deny to the trier of the facts the right to use a common process of reasoning"; *People* v. *Rubin,* 284 N.Y. 392, 396; and especially is this so where there was no evidence to the contrary in respect to the defendant operator to whom the summons was issued.

Both principle and common sense support affirmance of this conviction.

There is no error.

In this opinion DEARINGTON and WISE, Js., concurred.