134 N.J. Super. 111 (1975)
338 A.2d 827
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HENRY E. BUCICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 25, 1975.
Decided May 15, 1975.
*112 Before Judges HALPERN, CRAHAY and ACKERMAN.
Messrs. Persky, Jones & Persky, attorneys for appellant (Mr. Robert S. Persky on the brief).
*113 Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert Frank, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
A municipal court complaint charged defendant with operating a motor vehicle in excess of posted speed limits, in violation of N.J.S.A. 39:4-98. Following a hearing in municipal court, at which defendant did not testify, he was adjudged guilty and fined. A trial de novo on the record in the Hudson County Court resulted in the same holding.
The essence of the State's case was that two Port of New York Authority patrolmen were operating an electronic timing unit on the Bayonne Bridge. The accuracy of the unit was supported by testimony and was not meaningfully challenged. On the day of the offense the police observed a vehicle on the bridge and activated the timer, which indicated that the car was traveling at 59 m.p.h  the posted limit being 40 m.p.h. The vehicle was stopped and the driver produced a driver's license which reflected defendant's name thereon. A summons was issued to the named driver on the basis of the license as produced.
At trial neither officer was able to identify defendant as the operator to whom the summons had been issued on the day in question. The conviction is challenged on this appeal basically on the grounds that (1) the State failed to prove a necessary element of the charged offense  defendant's identity beyond a reasonable doubt, and (2) the judge could not infer the identity of defendant as the operator merely from the issuance of a summons in his name and his appearance in court to contest the charge. We view the appeal as frivolous and affirm.
First, while we agree with defendant that it is the State's obligation to prove that he was the named offender beyond a reasonable doubt, State v. Ring, 85 N.J. Super. 341 (App. Div. 1964), certif. den. 44 N.J. 407 (1965), cert. den. 382 U.S. 812, 86 S.Ct. 24, 15 L.Ed.2d 60 (1965), *114 reh. den. 382 U.S. 933, 86 S.Ct. 306, 15 L.Ed.2d 344 (1965), we are satisfied that on this record there was a fair inference that defendant was the operator of the speeding car. While it was not a mandatory conclusion, it was in our view perfectly logical and reasonable to find that the driver of the speeding vehicle in fact produced a driver's license and that defendant was in fact the party who made the production. The evidence was clear that the operator produced a driver's license with defendant's name on it and that the summons was issued on that basis. That evidence was clearly relevant and possessed the tendency to prove the material fact of defendant's identity as the operator. We are satisfied that the inference drawn in that regard by the courts below on this record was a fair one, see Evid. R. 1(2), and a prima facie case had been established.
In support of his argument defendant addresses us principally to two New York cases, but we find those authorities readily distinguished from the matter at hand. In People v. Ross, 41 Misc.2d 260, 245 N.Y.S.2d 8 (Sup. Ct App. T. 1963), defendant testified that he was not aware of the violation which occurred several years before his appearance in court. There, he was the sales manager of a company which owned the vehicle and testified that he kept his driver's license in the vehicle along with the owner's registration. Other employees of the company used the car. In view of his testimony the court concluded that it was not improbable, surprising or suspicious that defendant's custom was to leave the operator's license in the glove compartment of the car and concluded that there was reasonable doubt as to who was operating it at the time of the alleged violation.
In People v. Hildebrandt, 308 N.Y. 397, 126 N.E.2d 377 (Ct. App. 1955), a speeding violation was established through the use of a "photographic camera" which took two photographs of the moving vehicle at intervals and by mathematical computation rated speed. The use of the device did not identify the driver and he was not arrested at the time of the violation. Defendant was notified of the offense two *115 weeks later. At trial there was no direct showing that he was the offending operator, the State simply relying on the fact that the automobile was registered in defendant's name as the owner. It does not appear that defendant testified. Hildebrandt concluded that it was improper to presume a driver's identity from the ownership of a vehicle and that
We all know that many a passenger car is customarily driven at various times by various persons, we know that many a person owns more than one passenger automobile, we know that some owners are not licensed operators, and we are informed that there are outstanding in this State at least one million more automobile operators' licenses than passenger automobile registrations. * * * [308 N.Y. at 401, 126 N.E.2d at 379.]
We need not state whether we are in accord with the majority thinking of Hildebrandt  Judge Fuld's dissent is persuasive toward a contrary result  since we perceive a patent difference between identity by registration of ownership as opposed to the presentation of an operator's license by a party stopped by the police. Hildebrandt did note that usually in the past, prior to the innovation of electric timers, speeding offenders were pursued, arrested and identified thereafter, presumably by the production of an operator's license.
It would be an undue strain on the enforcement of our traffic laws to require officers issuing summons in the names of drivers who tender them a driver's license, in every case to make some positive identification by physical characteristics.
Identity of a motor vehicle operator need not be proven to a formal certitude. If the fact found is a probable one and fairly found, it suffices. See Annotation, "Inference or Presumption that Owner of Motor Vehicle was its Driver at Time of Traffic, Driving, or Parking Offense," 49 A.L.R.2d 449 (1956), wherein there is analyzed generally the question of whether an owner may be presumed or inferred to have been the operator of a vehicle at the time of a violation. We are addressed to no authority which *116 holds that a party who exhibits and presents from his person an operator's license may not be inferred to have been the operator in fact. Justice Jacobs, in State v. Dantonio, 18 N.J. 570 (1955), instructs that
While it is vital under our basic concepts of justice and due process that every individual accused of a speeding violation be afforded a fair hearing and be not adjudged guilty without evidence which convinces beyond reasonable doubt, it is equally vital that no unnecessary obstacles be placed in the State's efforts to deal fairly and effectively with a public threat which has reached staggering proportions. * * * [at 582-583]
We are satisfied that here the courts below were entitled to infer operation by defendant, and nothing in the record suggests any reasonable doubt on the issue. While a vehicle may be loaned to another, an operator's license may not. N.J.S.A. 39:3-10 and 39.
Lastly, we regard defendant's assertion of a violation of his Fifth Amendment right to remain silent in court  he having appeared there in response to the summons  as specious. Cf. California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Proof of defendant's identity was not meaningfully inferred from his silence (the courts below wondered, as do we, as to the manner in which defendant knew of the charge) but rather was reached from the proven fact that the driver of the speeding vehicle produced a driver's license bearing defendant's name. Ordinarily, identity of name bespeaks identity of person, particularly when the name is not in common use. I Underhill, Criminal Evidence (Herrick ed. 1973), § 45 at 91. The complaint issued to defendant included a date of birth, sex, height and by code, color of eyes and weight.
By law the operator of a vehicle is required to be possessed of his driver's license while operating a motor vehicle and exhibit it when requested to do so by a police *117 officer, N.J.S.A. 39:3-29, and as noted earlier, that license may not be legally loaned to nor used by another. It is not suggested, and we would not find, that the requirement for such identification involves any Fifth Amendment overtone. California v. Byers, supra.
We perceive in this record not only a prima facie case on the violation but that the evidence itself did not engender a reasonable doubt on any necessary element of the offense, including operation by defendant. The record reflects no basis, real or suggested, for a contrary finding. See People v. Ross, supra.
Affirmed.