151 N.J. Super. 255 (1977)
376 A.2d 978
STATE OF NEW JERSEY, PLAINTIFF,
v.
LYMAN BUD KAY, DEFENDANT.
Superior Court of New Jersey, Mercer County Court, Law Division (Criminal).
June 13, 1977.
*257 John S. Furlong, Assistant Prosecutor, for the State (Ms. Anne Thompson, Mercer County Prosecutor, attorney).
Mr. Donald P. Gaydos, for defendant (Messrs. Parker, McCay and Criscuolo, attorneys).
IMBRIANI, J.C.C.
This case raises the interesting question of whether operation of an automobile involved in a motor vehicle offense may be presumed or inferred from ownership.
This is an appeal from a conviction of leaving the scene of an accident. N.J.S.A. 39:4-129. A stenographic record having been made in the municipal court, the matter was heard de novo on the record. R. 3:23-8(a).
The factual setting is familiar. In the darkness of early morning hours a two-car accident occurred. One vehicle sped away. A chase ensued. Realizing that he would never catch up, the pursuing vehicle discontinued the chase, but not before he noted the fleeing vehicle was a green Thunderbird, approximately 1971 or 1972, and bore license plate number NLK 5-2.
A look-up disclosed that a 1971 Ford, two-door Thunderbird, bearing license plate number 5-2 NLK, was registered in the name of defendant.
On direct examination the victim identified defendant as the driver of the other car. But on cross-examination when pressed: "Can you honestly say without a doubt that this is the man that was operating that vehicle, that night?" he responded, "No Sir, I can't lie, I cannot."
The victim's wife, a passenger, testified that she was the one who actually noted the license plate number. She testified that the fleeing driver was a "male," but she could not identify him.
Defendant neither took the stand nor offered any witnesses or evidence on his own behalf.
Defendant argues that he cannot be convicted of leaving the scene of an accident solely upon proof that he was the *258 owner of the fleeing automobile. He concedes that such proof is sufficient in a civil case, Mahan v. Walker, 97 N.J.L. 304 (E. & A. 1921), but posits that in a criminal case such evidence is insufficient to satisfy the requirement that guilt be proven beyond a reasonable doubt. See State v. Bucich, 134 N.J. Super. 111 (App. Div. 1975). He says we cannot presume that the owner of an automobile involved in an accident was the driver and, under the facts presented here, neither can such an inference be drawn.
This court knows of no presumptions in criminal causes created by judicial fiat. Many are born from statutes. See Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925), holding that possession of opium permits statutory presumption of knowledge it was illegally imported; United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), holding that presence at the site of an illegal still permits statutory presumption that defendant was engaged in the business of a distiller; and State v. Benjamin Curtis, 148 N.J. Super. 235 (App. Div. 1977), holding that, upon a charge of tampering with an electric meter, a statutory presumption that the tampering was done by the person receiving electricity through such tampered meter is permissible.
But there is no statute in New Jersey which creates a presumption that in motor vehicle or other criminal offenses operation of a motor vehicle arises from proof of ownership. Nor does the court believe that such a presumption can fairly and constitutionally be created by court rule. Accordingly, the presumption argument must fall.
But does the evidence permit an inference of operation under the facts herein? Defendant urges three separate and distinct arguments in opposition. First, that the use of such an inference is constitutionally impermissible as violative of the presumption of innocence and the Fifth Amendment guarantee against compelled self-incrimination. Second, that even if constitutionally permissible, the particular inference sought here does not meet the standard by which inferences *259 are to be judged. Third, that the Legislature is better suited than the court to adopt such an inference if one is deemed necessary.
With respect to defendant's constitutional objections, this court rejects the suggestion that the adoption of such an inference necessarily interferes with the presumption of innocence or the right against compulsory self-incrimination, as secured by the Fifth Amendment of the U.S. Constitution. A similar constitutional challenge to N.J.S.A. 2A:139-1 (permitting an inference of criminal knowledge from possession of stolen goods within one year from the date of such stealing) was rejected in State v. DiRienzo, 53 N.J. 360 (1969) and State v. Bott, 53 N.J. 391 (1969). The unanimous court in DiRienzo stated:
"There is nothing in the statute which compels the defendant himself to offer evidence [citing cases]. The compulsion inherent in this situation is not significantly different from the normal impulse to come forward and explain if the State were to produce an eyewitness to DiRienzo's illegal receiving of the goods. If he chose to rebut the witness's [sic] testimony, his decision could not effectively be claimed to have been compelled in violation of the Fifth Amendment [citing case]. [at 380]
DiRienzo also dismissed the defense contention that the burden was being shifted to defendant, thereby disabling the presumption of innocence.
[T]he burdens of proof and persuasion remain with the State, and the defendant's possession has the effect simply of one circumstance to be considered by the jury in deciding whether the State has proved guilty knowledge beyond a reasonable doubt. [at 376]
Surely, then, if a jury could be entrusted with weighing such an inference, so can a judge. It is important, moreover, to emphasize the permissive nature of the inference. The fact-finder is at all times free to accept or reject the inference. DiRienzo, supra at 376. Equally important is the independent consideration of the facts of each individual case. As stated by Justice Proctor writing for the majority in State v. Humphreys, 54 N.J. 406 (1969): *260 * * * "[a] statute [in this case, N.J.S.A. 2A:151-7, presuming possession of firearms by all persons occupying a vehicle] which purports to permit an inference of one essential fact from proof of another can have no probative force independent of the factual context in which it is applied. [at 412-413]
In short, an inference may be permissibly drawn if it is "more likely than not that the facts proven point to the fact inferred." DiRienzo, supra at 376. To the same effect, see Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, 82 (1969), that the Constitution only requires that the inferred "fact is more likely than not to flow from the proven fact on which it is made to depend."
Does the specific inference which the State asks for in this case meet the above standard? The facts clearly show that it was defendant's vehicle that was involved in the accident at 2 a.m. of June 6, 1976. While the victim could not "without a doubt" honestly identify defendant as the driver, (and we would note that the State's burden is only beyond a reasonable doubt), he did otherwise identify defendant. There was no evidence that defendant's car had been stolen or loaned to another person on the night in question; since the accident occurred at 2 a.m., the absence of such evidence is significant. This does not violate defendant's right to remain silent and not testify on his own behalf. Defendant is under no compulsion to come forward with any evidence, but this court has the right and duty to make inferences permitted by the weight or absence of evidence.
This is a case based upon circumstantial evidence, and in such a case the trier of the facts can and should make all fair and legitimate inferences supported by the facts. No longer is the trier of facts prohibited from reaching a guilty verdict unless "all of the circumstances * * * concur to indicate a defendant's guilt [and] be inconsistent with any other rational conclusion," State v. Donohue, 2 N.J. 381, 390 (1949), and it is now sufficient if the evidence, "viewed in its entirety and giving the State the benefit of all legitimate inferences * * * that the [trier of facts] could properly *261 find," supports a verdict of guilty. State v. Fiorello, 36 N.J. 80, 90 (1961), cert. den 368 U.S. 967, 82 S.Ct. 439, 7 L.Ed.2d 396 (1961).
This court is satisfied beyond a reasonable doubt from the evidence viewed in its entirety, together with the legitimate inferences which may be drawn, that defendant was the driver of the automobile which fled the scene of the accident in the early morning hours of June 6, 1976.
Two neighboring states have addressed the same problem and reached different results.
In People v. Hildebrandt, 308 N.Y. 397, 126 N.E.2d 377 (Ct. App. 1955), defendant was charged with speeding when his vehicle was identified in a phototraffic camera, which takes two photos at a set time interval and automatically computes speed. There was no evidence of the identity of the operator; defendant was charged simply because his automobile was identified as the one in the phototraffic camera pictures.
The People's argument of a "rebuttable presumption" was rejected, essentially because the offense was created by statute, so any presumption should also be created by statute. It was then urged that the proofs were sufficient to support an inference that the owner was the driver. This was also rejected (at 379) as "hardly a normal or ready inference or deduction" because different people drive the same car at various times, some owners are not licensed drivers, many people own more than one automobile and there were more licensed drivers than owners in New York. Whatever significance one might ascribe to Hildebrandt has been diluted in New Jersey by the comment in State v. Bucich, supra, 134 N.J. Super. at 115, that the "dissent is persuasive toward a contrary result."
On the other hand, State v. Knudsen, 3 Conn. Cir. 458, 217 A.2d 236 (Cir. Ct. 1965), although construing a statute, came to a different conclusion. Police chased a Dodge bearing Connecticut license number 884-186. The fleeing vehicle reached speeds of 110 to 115 miles an hour and escaped. *262 The police were unable to identify the operator of the fleeing vehicle. The jury was charged the provision of C.G.S.A., § 14-107, that "proof of the registration number of any motor vehicle shall be prima facie evidence that the owner was the operator thereof." Id. at 237. The constitutionality of the statute was upheld and the court said that inferred evidence "need not rise to that degree of certainty which will exclude every other inference which might be drawn", and that it is sufficient if "the balance of probabilities resulting from the evidence" preponderates in favor of the fact to be inferred. Id. at 238. The court concluded:
The prima facie inference raised would seem to be a natural one and based upon a common experience that as a general rule the owner of a car drives his own vehicle [at 238]
In the present case the inference that the owner was the driver is buttressed by the facts that the victim did identify defendant, although not "without a doubt," as the driver, and the incident did occur in the early morning hours when use of a car by one not the owner is less apt to occur.
This brings us to defendant's last contention. Is there any significance to the fact that Connecticut had an applicable statute, but New York did not? Put another way, is this the type of inference which should be created only by the Legislature? The court thinks not. Our Supreme Court has addressed the very issue clearly and unequivocally:
The drawing of inferences from proven facts is the traditional function of courts. Legislation authorizing certain inferences may be helpful procedurally in some situations, superfluous or unnecessary in others. [State v. Bott, supra, 53 N.J. at 401]
Moreover, DiRienzo, relied upon the useful and time-tested common law inference which preceded legislative enactment of N.J.S.A. 2A:139-1:
It has long been held in the absence of a statutory provision such as ours that possession of recently stolen property permits an inference *263 that the possessor knew that the property had been stolen, unless the possession is satisfactorily accounted for [case cited]. Use of the inference is a factually sound and necessary evidentiary rule. [State v. DiRienzo, supra, 53 N.J. at 374]
We should again iterate that when dealing with human affairs, certainty or proof beyond a doubt is not attainable. This is why in criminal cases we seek only proof beyond a reasonable doubt. Thus, in a case with many parallels it was said in State v. Bucich, supra, 134 N.J. Super. at 115, "[i]dentity of a motor vehicle operator need not be proven to a formal certitude. If the fact found is a probable one and fairly found, it suffices."
This court is satisfied beyond a reasonable doubt that defendant was the driver of his automobile at the time of the accident herein and is guilty of leaving the scene of an accident in violation of N.J.S.A. 39:4-129.